The Georgia Railroad and Banking Company *vs.* Rhodes.

---

THE GEORGIA RAILROAD AND BANKING COMPANY, plaintiff in error, *vs.* CHARLES J. RHODES, defendant in error.

1. Where a baggage-master upon a train, in imminent danger of collision, jumps therefrom, it is no defense to an action for injuries sustained, that the conductor ordered him not to jump. When a collision is inevitable, such action becomes one of reasonable precaution.

2. Such an employee assumes the risks necessarily incident to his occupation, but not such as result from the negligence of his co-employees.

3. Every employee of a railroad will not be presumed *to know the schedule,* but only such as are directly concerned in the running of trains.

4. When such an employee is shown to have received injuries resulting from gross negligence on the part of his co-employees, this court will not readily interfere with the verdict of the jury.

Railroads. Damages. Negligence. Presumption. Verdict. Before Judge HOPKINS. DeKalb Superior Court. September Adjourned Term, 1875.

Reported in the decision.

HILLYER & BROTHER; CANDLER & THOMSON, for plaintiff in error.

JOHN A. STEPHENS; L. J. GLENN & SON, for defendant.

WARNER, Chief Justice.

The plaintiff brought his action against the defendant to recover damages for injury sustained by the alleged negligence and carelessness of the defendant's agents in running its railway trains on its road. On the trial of the case, the jury, under the charge of the court, found a verdict in favor of the plaintiff for the sum of $6,000 00. The defendant made a motion for a new trial on the several grounds alleged therein, which was overruled by the court, and the defendant excepted.

It appears from the evidence in the record that the plaintiff was in the employ of the defendant as baggage master, and was on board of its train performing his duties in that capacity at the time of the alleged injury. The injury of plaintiff was caused by a collision of two passenger trains on the defendant's road, in consequence of its schedule being ambiguous, or because its agents did not understand it so as to regulate the running of its trains by it, to prevent a collision thereof. The plaintiff being in the baggage car, and seeing that the two trains were not more than sixty to one hundred

yards apart, and that a collision was inevitable, jumped out of the car and broke his ankle badly, so as to render him a cripple for life.   There is evidence in the record that Smith, the conductor, told the plaintiff not to jump, but the plaintiff states that he did not hear him; that there was a passenger in the baggage car who remained there and was not hurt.   The grounds for a new trial insisted on here were, that the verdict was contrary to law and the evidence, and was excessive.   Because the court refused to give in charge the following requests:  First.  "That if it appear that at the time of the injury the plaintiff was acting in disobedience of a proper order of the conductor or person in charge of the train, to secure his, plaintiff's, safety, and it also appear that the injury was caused by such disobedience, he cannot recover."  Second.  "That an employee on a railroad train, serving for wages, takes upon himself the risks and dangers necessarily incident to the service; amongst these is the risk of his own mistakes or blunders."    Third.  "If the rules and schedules of a railroad company, calculated and provided for the purpose of running the trains with safety and avoiding collisions, be defective or ambiguous, and an employee knows the rules, or has ample opportunity to know them to such an extent as will authorize the authorities of the road to presume that he does know them, and he continues in the service of the company, and makes no complaint, or endeavors to have the defect remedied, he may be deemed to have waived his right, and he is barred from claiming damages for an injury suffered by him in consequence of such defect."

1. There was no error in the refusal of the court to give the first request in charge to the jury.   This request assumed the law to be that the conductor had the right to order the plaintiff, as baggage master on the train, in case of a collision of the two trains, by the negligence of defendant's agent, to remain in the baggage car and take his chances of being killed. The only orders of the conductor which the plaintiff, as baggage master, was legally bound to obey, were such as appertained to his duties as baggage master, and not such as apper-

tained to the protection of his own life when the two trains were about to collide.

2. There was no error in refusing the second request to charge the jury. The plaintiff, an employee as baggage master on the defendant's train, took upon himself the risks and dangers necessarily incident to his employment in that capacity when the other agents of the defendant, his co-employees, performed their duty, but he did not take upon himself the risk and danger of being killed by the collision of the defendant's trains in consequence of the negligence of its agents.

3. There was no error in refusing the third request set forth in the record. The plaintiff, as baggage master, was not presumed to know whether the rules and schedule provided for the running of the defendant's trains on its road, were defective, or ambiguous, inasmuch as it was not his business to run the defendant's trains, or either of them ; that duty devolved upon the conductor and engineer of the defendant's respective trains. The plaintiff was not at fault in jumping from the train, under the circumstances as shown by the evidence in the record, it was an act of reasonable precaution to protect himself from danger when he saw that the collision of the two trains was inevitable, although he might not have been injured if he had remained in the car, but the plaintiff could not have foreseen that.

4. There is sufficient evidence in the record to sustain the verdict of the jury, which is not excessive under that evidence. The collision of the defendant's trains, by which the plaintiff was injured, was caused by the gross negligence of its agents, and when that is the case, this court will not readily interfere with the verdict of the jury.

Let the judgment of the court below be affirmed.