## T. & P. R'y Co. v. Sarah A. Scott.

(Case No. 1884.)

1. CHARGE OF COURT — TRANSCRIPT.— The charge of the court should avoid the statement of unnecessary matter which must tend to confuse a jury, and which on appeal must needlessly enlarge the record.　The record should not be incumbered with needless details of testimony which could be condensed; or with assignments of error which, considered with reference to the rules governing appealed cases, the attorney ought to know would be useless.

2. ARGUMENT OF COUNSEL.— When, after the plaintiff's counsel has addressed the jury, the defendant's counsel declines to make an argument, this court will not revise the discretion of the district judge in permitting a second argument to be made by plaintiff's attorney, when no injury is shown to have resulted.

3. DAMAGES — POSSESSION — FELLOW-SERVANTS.— In a suit against a railway company for damages for personal injuries inflicted on a deceased husband, who, it was alleged, was a passenger on defendant's train when his injuries were received through its alleged negligence, there was conflicting testimony as to whether the deceased was a passenger or not.　*Held:*

(1) That, from the character of the case,— the injury complained of having been caused by the negligence of a servant of the company,— it was the duty of the court to give in charge to the jury the law by which, under the evidence, it could be determined what relation the deceased bore to the company when his injuries were received,— whether he was passenger or servant.

(2) It was error to charge that the fact that the conductor of the train received and treated the deceased as a passenger, made him such.

4. RAILWAY COMPANY — FELLOW-SERVANT — NEGLIGENCE.— A railway company is bound to furnish suitable machinery for the work intended to be performed by it.　If it be defective, and, while being used for the purposes for which it was designed, an injury results to an employee which was caused by the defect, the company is liable, unless the employee knew or might have known of the defect.　In such a case the company could not escape liability by proof that the negligence of another employee engaged in the same common service contributed to the injury.

5. SAME.— But if the injury results to the employee from the negligence of a co-employee engaged in the same department of the common service, who used machinery for purposes and in a manner not designed in its construction, and whereby the injury resulted, but which would have been safe if properly used in work for which it was designed, the company would not be liable.

APPEAL from Harrison.　Tried below before the Hon. J. G. Hazelwood.

*Jas. Turner*, for appellant, cited: Hutch. on Carriers, § 562; 10 Tex., 116; 10 Tex., 137; 3 Tex., 147; 46 Tex., 537; 49 Tex., 32; 39 N. Y., 468; 53 Ill., 326.

*Alex. Pope* and *J. B. Carter*, for appellee, cited: Rules of Supreme Court, 24 to 26; Pearson *v.* Flanagan, 52 Tex., 266 to 280; Randall *v.* Carlisle, 59 Tex., 69; Barnard *v.* Tarleton, 57 Tex., 402; Green *v.* Dallahan, 54 Tex., 285; Gulf, W. I. & P. R'y Co. *v.* Montier, 61 Tex., 122.

Robertson, Associate Justice.— In a charge to the jury a long statement of the contents of the pleadings can serve no useful purpose. It rather confuses than enlightens the jury, increases the costs of litigation, and swells to endless proportions the record here and in the court below. In the single half page of the seven and one-half pages thus occupied in this record, the issues the jury were to pass upon could have been clearly and fully stated. In the statement of facts, the repeated statements of one witness cover thirty pages, all of whose material testimony could easily have been put upon five pages. Two of the assignments of error are utterly useless, as one of them attacking the charge of the court, refers us for a statement of the grounds to the motion for new trial, and the other complains generally of the error in overruling that motion. The record is not a comely one.

On the trial in the court below, the plaintiff's counsel, after opening the case, and after defendant's counsel had addressed the court on the law of the case and declined to address the jury, was permitted, over defendant's objection, again to address the jury on the facts. If the second speech was better than the first, or presented anything new, the court would doubtless have permitted defendant's counsel to reply. No injury is shown to have resulted to appellant from the course pursued, and we cannot see that the court below abused the discretion necessarily and properly vested in it in such matters.

The only other assignment of error made in compliance with the statute and rule, is the refusal of the court to give the special charges requested by appellant. In the brief, the statement in support of this assignment, required by rule 31, is wholly defective; but as it presents the only question properly remaining in the record, it has not been deemed necessary to set aside the submission and require a new brief.

An object of the special charges was to possess the jury of the information needed to enable them to determine whether Jno. B. Scott was or was not a passenger on appellant's train when he was fatally injured on February 17, 1884. He was riding in a tool-car in a train made up by the yard-master at Longview, in which there was improperly placed, near the engine, a passenger coach to be hauled

to Marshall to be repaired. The car in which Scott was riding, and three others, were thrown from the track by the draw-head of the coach breaking and dropping down between the cross-ties. The stem of the draw-head was already cracked half through, but if sound it was subjected to strains in this instance not contemplated, in the construction of draw-heads for passenger coaches. Behind the coach in this train, and drawn by this draw-head, were nine loaded and six empty freight cars, besides the caboose, and that the yard-master in putting it there was guilty of culpable negligence cannot be questioned. Whether the injury to Scott would have happened if the draw-head had not been defective, and if it would not, whether appellant would be responsible for such defect in view of the improper use made of the passenger coach, are questions not involved in this appeal, as the jury under the proved facts were certainly authorized to believe that the sole cause of the injury was the negligence of the yard-master in making up such a train with the coach near the engine. If the testimony authorized such conclusion, it was certainly incumbent upon the court below to inform the jury what the appellant's liability to Scott's wife would then depend upon, and manifestly, if there were any facts making it a question whether Scott was or not a passenger, how that should be determined became pre-eminently important. If Scott was a regular passenger, appellant would be responsible for the negligence of the yard-master; but if he was a co-employee with the yard-master, engaged in a department of appellant's service pertaining, as did the yard-master's duties, to the operation of the railway, then the appellant was not responsible for the negligence of the yard-master, and appellee would not be entitled to recover. On the facts, whether Scott was a passenger or an employee could only be determined by the jury, as the testimony was conflicting; but the only test for decision of the question given by the court in its charge was certainly an improper one. The conductor of the train testified that he received and treated Scott as a passenger, and the court instructed the jury that the conductor's so receiving and treating him would make him a passenger. If he and the yard-master were fellow-servants, nothing the conductor could do would change the relationship. There was error in this charge, and also in the court's refusal to give substantially the first special charge requested by appellant. The judgment of the court below must, therefore, be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered October 20, 1885.]

ON MOTION FOR REHEARING.

ROBERTSON, ASSOCIATE JUSTICE.— The judgment of the court below was reversed on the third assignment of error. That assignment was that the court erred in refusing to give the three special charges asked by appellant. The three special charges present in different phases the same proposition. But one error was committed in rejecting them, and that was sufficiently assigned. That this court erred in considering that assignment, as insisted upon in the motion for rehearing, is not sustained.

In his argument upon this motion for rehearing, counsel for appellee has earnestly urged the court to re-examine the record and reconsider the case. We have done this, and whilst we adhere to the conclusion reached in the original opinion, that the judgment below should be reversed and the cause remanded for a new trial, we think it would be proper to add a few remarks, attention to which may conduce to an earlier termination of the suit.

It seems to be an undisputed fact that the breaking of the draw-head of the coach in the train upon which Scott was being transported *occasioned* the wreck in which Scott lost his life. It seems also to be proved that the draw-head was out of repair, and that the coach was improperly placed in the train near the engine. It is also shown that the draw-heads for coaches are not made as strong as those for freight cars. On these facts it becomes a question whether the wreck was *caused* by the defect in the draw-head or by its being improperly subjected to a strain not contemplated in its construction.

The master is bound to furnish machinery suitable for the work to be done with it. If he furnishes a defective draw-head, and in such use of it as would be proper, if it was not defective, an injury to his servant results from the fact that it is defective, the master is liable, unless the servant knew or might have known of the defect. In such case the master could not escape the liability by proof that the negligence of a fellow-servant of the injured employee contributes to the injury. On the other hand, if the defective draw-head is used by the negligence of a co-employee of the injured servant in a place or for a purpose for which, if it were not defective, it was not furnished by the master or in its construction fitted, and a wreck occurs by the breaking of the draw-head, which would not have broken if it had been sound, is the injury then in legal contemplation *caused* by the defect in the draw-head or by its improper use?

If Scott was a servant, these questions should be considered.

There was evidence enough on both sides to make it an issue in the case, whether he was a servant or a passenger. The charges requested by appellant all bore upon this issue, and whether they correctly propounded the law or not, they were sufficient to call the attention of the court below to the defect in the general charge. Under the general charge the jury may have found that Scott was both an employee and a passenger. If a passenger, the jury are advised how to ascertain if the appellant is liable; but if he was not a passenger, the law by which to test appellant's responsibility for his death is only partially given.

The judgment of the court below was properly reversed, and the motion for rehearing is therefore refused.

MOTION FOR REHEARING REFUSED.

[Opinion delivered November 20, 1885.]