FELTON, ADM'R, v. THE CHICAGO, ROCK ISLAND & PACIFIC R'Y Co.

69 557
84 282

1. **Practice:** VERDICT AGAINST INSTRUCTIONS: JUDGMENT NON OBSTANTE ON SPECIAL FINDINGS. The instructions of the court are binding on the jury; and where, in the light of the instructions and of special findings made by the jury, the verdict should have been for defendant, a verdict for plaintiff should have been set aside, and judgment rendered for defendant, on its motion, on the special findings.

*Appeal from Poweshiek District Court.*

FRIDAY, OCTOBER 15.

ACTION to recover damages accruing to the estate of which plaintiff is administrator, by reason of injuries received by the intestate through the negligence of defendant's employes, while a passenger upon a train upon defendant's road. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*Wright, Cummins & Wright* and *Winslow & Varnum,* for appellant.

No appearance for appellee.

BECK, J.—The evidence applicable to the issues in the case tended to show that plaintiff, with a large number of other persons, purchased excursion tickets at Brooklyn, upon which they were carried to Grinnell, to attend a circus which gave an exhibition at that town. They were transported back to Brooklyn in a freight train. Many of the passengers were compelled to ride on *flat* or platform cars, which had no railings or other protections around them to prevent passengers from being thrown from the cars. Plaintiff's intestate started to return from Grinnell upon one of these cars. He was a sober and peaceable young man. There were quarrelsome and drunken men among the persons upon

the car on which deceased was riding, who got into an altercation with him, and assaulted him, and finally he was thrown or shoved from the cars by them, and was instantly killed. Upon these and other facts the plaintiff seeks to recover. Applicable to these issues in the case, the district court gave to the jury the following instructions:

" (8) If the immediate and direct cause of the death was an assault made on deceased by one or more fellow-passengers, and this was not a result which defendant or its officers or employes had reasonable ground to expect as a result of the kind of car on which said deceased was permitted to ride at the time of his death, then a failure to furnish other cars of a less dangerous character would not, in itself, if established by the evidence, constitute such negligence as would render defendant liable in this.action.

" (9) It is further alleged in said petition that defendant was negligent in not furnishing a sufficient number of men, and in not exercising sufficient care to guard against assaults by the fellow-passengers of said deceased, and that, by reason thereof, defendant negligently permitted the acts of a fellow-passenger which resulted in throwing said Fred Felton from the train, and thereby causing his death.

" (10) Upon this branch of the case you are instructed that it is a general rule of law that a carrier of passengers owes to the persons being carried the duty to protect them from violence and assaults of fellow-passengers, and such carriers will be held responsible for neglect in this particular when, by exercise of proper care, acts of violence might have been foreseen and prevented; and while not required to furnish a police force sufficient to overcome all force, when unexpectedly and suddenly offered, it is the duty of such carrier to provide help sufficient to protect the passengers against assaults from any quarter which might reasonably be expected to occur, under the circumstances of the case, and the condition of the parties.

" (11) Therefore, if you find from the evidence, by a pre-

ponderance thereof, that said deceased, without fault or neg-
ligence on his part, was assaulted by one or more of his
fellow-passengers while riding on defendant's cars, and was,
by reason thereof, thrown from the car on which he was rid-
ing, and killed; and that defendant, or its officers or
employes, had reasonable ground to believe or expect that
such assault might be made, in view of all the facts and cir-
cumstances disclosed by the evidence, and failed to make
reasonable efforts, through the employes running the train,
to guard against or prevent the same, or reasonable pro-
vision to guard against or prevent the same, by a reasonably
sufficient force of employes for such purpose; and that the
death resulted from such neglect to make such efforts or pro-
vision,—then your verdict in such case should be for the
plaintiff for such an amount as the evidence may show him
entitled to recover, under the instructions hereinafter given
as to the measure of damages.

"(12) But if defendant, its officers or employes, had no
reasonable ground to believe that such an assault would be
made, under all the circumstances of the case as shown by the
evidence, then defendant would not be so liable, even though
you find from the evidence that the death might have been
prevented had a sufficient force of employes of defendant
been present on the train or car."

These instructions are to be regarded as the law of the
case.

The jury, in response to interrogatories, made the follow-
ing special findings: "(1) Do you find that defendant ought
reasonably to have anticipated that an assault would be com-
mitted on deceased as a result of furnishing the kind of cars
upon which deceased was riding at the time of this accident?
No. (2) Do you find that deceased was assaulted upon, and
in such assault, pushed or knocked from, said train? Yes."
(4) "Was there any conduct on the train after it left Grin-
nell, and before the accident, on the part of any passengers,
which indicated danger to the life or safety of deceased, of

which the men in charge of the train had actual knowledge? If so, what was it, and who knew it?   No."

II.   As we understand the case, the negligence substantially charged against defendant consisted in furnishing cars for the use of deceased, and other passengers, of insufficient and dangerous character, and in not providing sufficient protection, through employes, to defend the decedent from his assailants.   The jury found specially that defendant had no reason to anticipate the assault.   Under the eighth instruction, the acts of defendant in furnishing cars of a dangerous character was not negligence rendering defendant liable in this action, in the absence of reasonable grounds to expect that the injury to intestate would result from the defective and dangerous character of the cars.   The second special finding shows that the direct and proximate cause of the injury resulting in the death of the intestate was the assault. The fourth special finding is to the effect that there was nothing to justify expectation or fear of danger to the intestate on the part of the employes operating the train.   The twelfth instruction is to the effect that, if defendant had no reasonable ground to believe that an assault would be made, defendant is not liable, even though death might have been prevented had a sufficient number of employes been present on the train.   The evidence tends to show no circumstance calculated to warn defendant's employes of the assault, other than the conduct of the assailants, which was unknown to the employes.   It follows, from the facts shown by the special findings, that the defendant is not chargeable with negligence, according to the rules of the law as announced by the instructions above quoted.

The district court should have sustained defendant's motion for a judgment *non obstante*, for the reason that the general verdict is in conflict with the special findings.

REVERSED.