## No. 2281.

THE GULF, WESTERN TEXAS AND PACIFIC RAILWAY COMPANY
*v.* JOHN J. RYAN.

1. RAILWAY COMPANIES—NEGLIGENCE.—A railroad company is bound to furnish safe cars for the transportation of all persons whether they be passengers or employes, who have the right to travel on them, and if a car be so improperly constructed as to make its use gross negligence, and such negligence is the proximate cause of an injury, an action for damages will lie.

2. SAME.—A railway company is not liable in damages to an employe for an injury caused by his wilful act of disobedience of a reasonable rule of the company established for his safety, and which is known to him, and when the act of disobedience is the proximate cause of the injury, unless the act is done under the influence of fear produced by the appearance of sudden danger.

3. FACT CASE.—See opinion for facts *held* not sufficient to authorize a verdict against a railway company for damages caused by the alleged negligence of the company in failing to provide safe cars for the transportation of passengers.

APPEAL from Calhoun. Tried below before the Hon. H. Clay Pleasants.

In this case a verdict was rendered for the appellee for seven thousand five hundred dollars. The leading facts of the case are given in the opinion.

No brief on file for appellant.

*Stockdale & Proctor*, for appellee: When a case has been fairly submitted to a jury upon a proper charge to which no objection can be urged, and they have been properly advised upon all issues in the case, and have found a verdict in accordance with the preponderance of the evidence, that verdict will not be disturbed. (Latham v. Selkirk, 11 Texas, 314; 3 Texas, 495; Howard v. Ray, 25 Texas, 91; 5 Texas, 102; Adams v. George, 25 Texas Supp., 376; 26 Texas, 381.)

The defect in the car was not in law, as to Ryan, a patent defect, nor one which was so manifestly observable as that it would defeat his right to recover damages. It is not every defect which, by examination and comparison, may be discovered which is a patent defect, but only such as the line of his employment makes it his duty to know and observe. The plaintiff is not to be presumed to know defects in the coaches furnished by the defendant because he traveled in them. The passenger car was not an implement that he was called on to examine in the necessary conduct of his business for the defendant company; and, even if observed by him prior to his injury, before the knowledge thus acquired could affect the result, in this case it must be shown that he knew that the defective construction of the passenger coach by which he was injured was a defect necessarily causing danger to him and all passengers using the same. (E. L. & R. Ry. v. Smith, 65 Texas, 167; H. & T. C. Ry. v. McNamara, 59 Texas, 225; Mayer v. Chicago & Rock Island Railway, 27 Albany Law Journal, 24; I. & G. N. Railway v. Kindred, 57 Texas, 491; 3 Wood on Railway Law, 1479; Palmer v. Denver & Rio Grande Railway, 12 Fed. Rep., 392; Guthrie v. Louisville & Nashville Railway Company, 11 Lev., Tenn., 372; 1 Am. and Eng. Railway Cases, 209; Porter v. Hannibal & St. Joe Railway Company, 71 Mo., 66; 2 American and English Railway Cases, 44.)

A railway company, like any master, is under obligations to its servants to use reasonable care to provide and maintain a safe road bed, and suitable machinery, engines, car and other appointments of the road, and is liable to them for injuries resulting from defects which it knew or ought to have known, and could have prevented by the exercise of such care. (H. & T. C. Ry. v. Dunham, 49 Texas, 181; H. & T. C. Ry. v. McNamara, 59 Texas, 255; H. & T. C. Ry. v. Oram, 49 Texas, 343; H. &

T. C. Ry. v. Marcelles, 59 Texas, 334; Galveston Oil Co. v. Malin, 60 Texas, 645; T. & P. Ry. v. McAtee, 61 Texas, 695; H. & T. C. Ry. v. O'Hare, 64 Texas, 600; Mayer v. Chicago & Rock Island Railway, 27 Albany Law Journal, 24; Haydon v. Smithfield Manufacturing Co., 29 Conn., 548; Flike v. B. & A. Ry., 53 N. Y., 540; Noyce v. Smith, 28 Vermont, 59; Ryan v. Fowler, 24 N. Y., 410; Gibson v. Pacific Ry., 46 Mo., 163; Porter v. Hannibal & St. Joe Railway, 71 Mo., 66; Snow v. Housatonic Railway, 8 Allen, Mass., 441; Fifield v. Northern Railway, 42 N. H., 225; Baker v. Alleghany Railway, 95 Penn., 211; Herbert v. Northern Pacific Railway, 9 American and English Railway Cases, 85; Cone v. D. L. & W. Ry., 81 N. Y., 206; Bessex v. C. & I. W. Ry., 45 Wis., 481; 110 Mass., 281; Fuller v. Jewett, 80 N. Y., 46; Drymala v. Thompson, 26 Minn., 40.)

ACKER, JUDGE. Appellee brought this suit to recover damages for personal injury resulting in the amputation of his right leg below the knee. The petition alleged substantially "that plaintiff was employed by defendant as road master, and on the twenty-sixth of December, 1879, left Indianola on defendant's train to go up the road in the performance of his duty, in obedience to directions given him on the twenty-second of that month; that at the tank, twelve miles from Indianola, where the train stopped for water, he got off the train and went to give directions to employes there about thawing the water pipes, which were then frozen, it being in the line of his duty to do so; that the conductor and engineer in charge of the train were aware that he had left the train and gone to the tank, and put the train in motion without any signal or other warning to plaintiff, who, in the course of his employment, was compelled to go further up the road; that while said train was running at a speed which did not render it dangerous, if the cars of defendant had been well constructed, for plaintiff to board said cars, plaintiff tried to get upon the passenger car, and in attempting so to do, his foot slipped, and while he held to the railing at the steps of the car, the truck of the passenger car ran over his foot, which was thereby crushed, rendering amputation necessary, making him a cripple for life; that the cause of his injury was that the car which he tried to board was so defective and dangerous in its construction that no one could with safety enter the same, whether in motion or not, which was unknown to plaintiff, but known to defendant; that the car was dangerous

and defective in its construction in this: that it was too narrow for the track, the steps too high and too nearly perpendicular from the rail, and the trucks too near the ends of the car, and consequently too near the steps; that the construction of said car was so defective and unsafe and unusual that the use of it by defendant upon its road was gross negligence, and that such negligence was the cause of plaintiff's injury; that if said car had been constructed as are cars in use by careful and diligent railway companies, plaintiff would not have been injured."

It is contended by appellant that the court erred in overruling its general demurrer to the petition, because it appears therefrom that plaintiff seeks to recover damages for injuries caused by the negligence of his fellow servants, and there is no allegation of negligence or want of care in their selection by appellant, and for defects in the construction of the car, the defects stated being patent. Appellee does not here insist upon his right to recover on any ground other than the defective and dangerous construction of tLe car by which he was injured, though on the trial below there was testimony introduced before the jury on the question whether or not the train was put in motion by the conductor and engineer "without signal or other notice"; but the court correctly instructed the jury that plaintiff was fellow servant with the conductor and engineer, and could not recover against the common employer for damages caused by their negligence, there being no allegation or proof of want of care in their selection. (Price v. Houston Direct Navigation Company, 46 Texas, 537; Robinson v. Railroad Company, Id., 549; Texas & New Orleans Railroad Company v. Berry, 5 S. W. Rep., 818.)

A railroad company is bound to furnish safe cars for the transportation of its employes as well as others who have the right to travel upon them, and if defendant's car was so defective and dangerous in its construction as to make its use gross negligence, as alleged in the petition, and such negligence was the proximate cause of the injury, plaintiff might recover, and we think the petition was sufficient on general demurrer. It is contended that the court erred in refusing to set aside the verdict and grant a new trial, because the verdict is contrary to the law and the evidence in this, that plaintiff attempted to board the train while in motion, contrary to the rules of the company, of which he had notice, and such attempt was negligence on the part of plaintiff, which was the proximate cause of his injury.

2. If there were any defects in the construction of the car they were patent, and plaintiff knew, or might by ordinary diligence have known, of such defects.

3. Plaintiff attempted to enter at the front instead of the back of the car while in motion, he being intoxicated at the time, and was thereby injured in consequence of his own neglect and carelessness.

4. The evidence showed that the car was a safe car.

It appears from the evidence that appellee was employed by appellant as roadmaster of its railroad, and had been so employed for about two years previous to the injury for which he seeks in this action to recover damages, and that appellant furnished him with a hand car and men to propel it, for his use in the discharge of his duties, and that he was traveling on the train at his own option. The train was made up of several freight cars and one passenger car attached. The rule of the company prohibited employes and others from attempting to enter the cars while in motion, and this rule was known to appellee. While the train was in motion appellee attempted to enter at the front end of the car, his foot slipped, was caught by the wheel of the car and injured. The car had been used by appellant on its road since 1872, and appellee had frequently traveled on it. No other person has ever been injured by this car. The car is constructed after an old model, differing from most passenger cars now used, in being narrower, the trucks nearer the ends, the steps do not project as far outside of the track, and consequently are nearer to the rail. There was no depot or platform at the place where appellee was injured. There is no evidence tending to show that this car is less safe than cars of different construction, for persons attempting to enter it when not in motion at stations provided by the company for that purpose. There was evidence tending to show that appellee was intoxicated at the time he was injured. Several witnesses testify that he was "drunk;" about an equal number testify that he was not "drunk;" and he testifies that he had taken two drinks.

An employer is bound to use due care to promote the safety of an employe, and if the employe *knowingly* and *intentionally* disobeys a reasonable rule or regulation established for his safety, unless he does so under the influence of fear produced by the appearance of sudden danger, and the act of disobedience is the *proximate cause* of the injury complained of, he

can not recover. (Lyon v. Railroad, 31 Mich., 429; Shauny v. Cotton Mills, 66 Me., 429; Railroad v. Thomas, 51 Miss., 637; Railroad v. Rhodes, 56 Ga., 645.)

We think the evidence is insufficient to sustain the verdict and that the court erred in refusing to set it aside and grant a new trial. For this error we are of opinion that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Opinion adopted January 31, 1888.