MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. MARY E. SNOW ET AL.

Decided January 9, 1909.

1.—Master and Servant—Negligence—Appliances—Place to Work.

It is the duty of the master to exercise ordinary care to provide the servant with reasonably safe places to work and reasonably safe tools and appliances with which to perform the work, and a failure to do this makes the

master liable, provided the servant's contributory negligence or assumed risk does not intervene.

### 2.—Same—Charge—Weight of Evidence.

Where the court gave special charges requested by the railway company on the issues of contributory negligence and assumed risk, which were the only defenses pleaded, an instruction that railway companies are required to exercise ordinary care to provide for their employes reasonably safe places in which to work and reasonably safe tools and appliances with which to perform their work and a failure to do so renders them liable for such damages as proximately result from such failure, was not subject to objections that it ignored the issues of contributory negligence and assumed that the servant was not guilty of negligence and did not assume the risk, and made the company an insurer of the safety of the place and appliances.

### 3.—Negligence—Charge.

. Charge, in a suit wherein a railway company was charged with negligence in failing to provide a cotter key for the king pin which fastened the draw bar to the engine, causing the cars to become uncoupled from the engine and causing injuries to the fireman resulting in death, held not to assume that the key was not provided, or that the defendant failed to exercise due care.

Appeal from the District Court of Hunt County. Tried below before Hon. T. D. Montrose.

*Jno. T. Craddock* and *Coke, Miller & Coke,* for appellant.

*R. C. Merritt, H. L. Carpenter* and *J. D. Yates,* for appellees.

RAINEY, CHIEF JUSTICE.—Mary E. Snow, as widow of W. I. Snow, and as the mother and next friend of the minor children of herself and W. I. Snow, appellees, instituted this suit to recover of the appellant damages for the killing of W. I. Snow, who at the time was a fireman on one of appellant's locomotive engines. Appellant answered by general denial, contributory negligence, and assumed risk. A trial resulted in a verdict and judgment for the appellees and this appeal is prosecuted by appellant.

The evidence shows that Snow was engaged as fireman on an engine pulling a train of freight cars which was being operated from Greenville east on appellant's line of road. The tender and engine were coupled together by means of a drawbar, in which are two holes, one at either end. Through the floors of the tender and engine near where they couple are holes through which king pins are run, going through the holes at either end of the drawbar. The king pins have a round head or collar welded on to the head to keep it from passing through the hole, and near the bottom is a hole for a steel or cotter key to hold the pin in place and prevent it from working out. While said Snow was shoveling coal from the tender into the firebox of the engine one of the king pins worked out, the engine and tender separated and Snow was thrown to the track in front of the tender and cars and was run over and killed. The appellant was negligent in not having a key through the king pin, the absence of which permitted the king pin to work out and caused the accident. W. I. Snow was not guilty of contributory negligence, nor did he assume the risk.

The first assignment of error complains of the third paragraph of the court's charge, which is as follows: "Railway companies in this State are required to exercise ordinary care to provide for their employes reasonably safe places in which to work and reasonably safe tools and appliances with which to perform their work, and a failure to do so renders them liable for such damages as proximately result from such failure." It is claimed that the said paragraph is upon the weight of evidence in ignoring and excluding the issues of contributory negligence and assumed risk, and in assuming that deceased was not guilty of contributory negligence and did not assume the risk, and that the charge is reasonably susceptible of the construction, that appellant was an insurer of the safety of the place where the deceased was working and of the fastening between the tender and engine. We do not think the charge is susceptible to either of the foregoing objections. It is the well settled law that it is the duty of the master to exercise ordinary care to provide the servant with reasonably safe places to work and reasonably safe tools and appliances with which to perform the work, and a failure to do this makes the master liable, provided the servant's contributory negligence or assumed risk do not intervene. The court gave special charges requested by appellant on the issues of contributory negligence and assumed risk, which were the only defenses pleaded, and when the whole charge of the court is considered together, the criticism of the paragraph complained of, that the issues of contributory negligence and assumed risk were ignored or that it assumed the deceased was not guilty of negligence and did not assume the risk and that the defendant was an insurer, etc., is not tenable. (Galveston, H. & S. A. Ry. Co. v. Matula, 79 Texas, 577; Texas & Pac. Ry. Co. v. Bradford, 66 Texas, 732; Gulf, W. T. & Pac. Ry. v. Ryan, 69 Texas, 665; Houston & T. C. Ry. v. McNamara, 59 Texas, 255.)

The second assignment of error complains of the fifth paragraph of the charge, which is as follows: "If you believe from the evidence that an ordinarily cautious, careful and prudent person, under the same circumstances, would have provided a cotter key to prevent the king pin from coming up and permitting the engine and tender to become uncoupled, and if you believe that at the time the deceased was killed, the king pin which fastened the drawbar to the tender of the engine was not provided with such cotter key, and if you believe that the failure of the defendant to have such king pin secured by a cotter key was a failure on its part to exercise ordinary care to have a reasonably safe place and reasonably safe appliances for the use of the deceased in the performance of his duties, and if you believe from the evidence that when said engine and tender came uncoupled the deceased, W. I. Snow, was thereby caused to and did fall in front of the tender and was run over and killed; and if you further find from the evidence that the failure of the defendant to provide such cotter key to secure such king pin was negligence, and that such negligence was the proximate cause of the death of the deceased, and if you believe from the evidence that the plaintiffs had a reasonable expectation of receiving pecuniary benefits from the deceased, had he lived, you will find for the plaintiffs, unless you

find for the defendant under other issues submitted to you by the court." The proposition of appellant is that the charge is erroneous and upon the weight of the evidence in that it assumes that the king pin was not provided with a cotter key; that the appellant was negligent in not providing the same with a cotter key, and that the absence of the cotter key was the cause of the uncoupling of the engine and tender. The charge is not susceptible to the criticisms urged. It leaves it to the jury to say whether the king pin was provided with a cotter key and whether the appellant exercised due care in the premises. We think under the evidence there can be no other conclusion reached than that the accident was caused by the failure to provide a cotter key.

Complaint is made of the overruling of the motion for a new trial for the reason that the verdict is contrary to the evidence. There is no error in this particular. The evidence is sufficient to support the judgment and it is affirmed.

*Affirmed.*

Writ of error refused.