'MISSOURI, K. & T. RY. CO. OF TEXAS v. SILBER. (No. 2076.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 6, 1919.)

1. APPEAL AND ERROR ☞1064(1)—HARMLESS ERROR—INSTRUCTIONS.

In an action for failure of carrier's agent to protect person at station from assault and robbery, an instruction, if erroneous as assuming negligence on part of agent if acts complained of were committed in his presence, held harmless in view of conflicting evidence as to whether acts of violence actually occurred; the agent justifying his noninterference on ground that no assault occurred.

2. CARRIERS ☞284(2) — DUTY TO PASSENGER —PROTECTION FROM ASSAULT AND ROBBERY.

Where a passenger possessing a ticket and waiting at a carrier's depot for the train was being assaulted and robbed, and called upon the carrier's agent for help and protection, the carrier owed the duty of exercising a high degree of care for his reasonable protection.

Appeal from Wood County Court; R. E. Bozeman, Judge.

Suit by S. Silber against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

R. B. Howell, of Winnsboro, and Jones & Jones, of Mineola, for appellant.

E. A. Tharp, of Mineola, for appellee.

HODGES, J. This appeal is from a judgment in favor of the appellee for $500 as damages for an assault and personal indignities at the hands of third parties from which appellant's agent failed to furnish the proper protection. According to the appellee's pleadings and evidence, he had gone to the appellant's depot for the purpose of taking passage on one of its trains and had secured a ticket. While there and awaiting the arrival of his train, he was assaulted by third parties in the presence of the appellant's agent. He was robbed of about $80 in money, and was taunted and abused in a manner that caused him to suffer humiliation and shame. He appealed without effect to the appellant's agent for protection.

[1, 2] The assignments assail the charge of the court. The first complains that in submitting the issues of fact and the legal grounds upon which the appellee might recover a judgment the court assumed negligence on the part of the agent, if the acts complained of were committed in his presence. The record discloses a sharp conflict in the evidence as to whether the acts of violence complained of actually occurred. The appellee, who was in part supported by another witness, testified that they did occur and in the presence of the agent; that before their occurrence he appealed to the agent for protection, but failed to get it. The agent and some of the parties charged with the offensive conduct denied that the violence complained of ever occurred, or that any abuse towards the appellee was indulged in by any one. No issue was made as to whether the agent could have interfered, or as to whether or not he failed to see what was going on. The agent justified his noninterference upon the ground that the appellee was not assaulted or improperly treated by any one. If the appellee was a passenger upon that occasion and was being mistreated in the manner charged by him, the agent of the appellant owed the duty of exercising a high degree of care to furnish him reasonable protection. It is undenied that the agent saw what did occur, and it is not claimed that he could not have prevented it, or that he made any effort to do so. The charge, if technically erroneous, was not calculated to do the appellant any injury.

The remaining assignments, which complain of other portions of the charge, are overruled.

There was no error in refusing to grant a new trial for newly discovered evidence.

The judgment is affirmed.