## SCHAFF v. BOURLAND. (No. 64.)

(Court of Civil Appeals of Texas. Waco.
Dec. 4, 1924.)

**1. Evidence ⬥⬥317(1) — Admission of testimony that witness had been told that it would be dangerous to go to point where strike was in progress held erroneous.**

In railroad guard's action for injuries when whipped by strikers, in which railroad denied knowledge of danger, witness' testimony that he had been told by defendant's brakeman that it would be dangerous to go to point where strike was in progress was inadmissible, where it was not shown that brakeman personally knew of such conditions.

**2. Evidence ⬥⬥350—Exclusion of newspaper articles that strikers would not resort to violence held proper.**

In railroad guard's action for injuries when whipped by strikers, exclusion of newspaper articles declaring that strikers would not resort to violence *held* not erroneous, where it was not shown that defendant's officials had seen such articles or relied thereon or that their publication had been in any way authorized by strikers.

**3. Master and servant ⬥⬥96(2)—Verdict for plaintiff not sustainable where no evidence that danger from mob violence should have been anticipated.**

In railroad guard's action against employer for injuries when whipped by strikers, verdict for plaintiff was not sustainable where there was no evidence of previous violence or threats to put employer on notice of danger.

**4. Carriers ⬥⬥240—Railroad guard hired for strike duty held not entitled to same degree of care as passengers.**

Where railroad guard was hired for strike duty and on pay roll as such, and after arriving at point where strike was in progress, and while going to waiting room to get instructions, told strike mob his business and what he was there for, he was not entitled to that high degree of care for his protection from mob required of public carrier for protection of its passengers.

**5. Negligence ⬥⬥136(9)—Contributory negligence issue presented where reasoable minds may conclude both parties were guilty.**

Issue of contributory negligence is presented where from proof reasonable minds may conclude that both parties were guilty.

**6. Master and servant ⬥⬥291(8)—Charge on contributory negligence held required where guard informed mob his business.**

Where railroad guard, whipped by strikers on arriving at his destination, informed mob at depot of his business and what he was there for, charge on contributory negligence *held* required in action against employer.

**7. Master and servant ⬥⬥247(1)—Railroad not liable to guard if telling mob his business was proximate cause of injury.**

If attack on railroad guard was caused by his action in telling strike mob his business and same was proximate cause of his injury, railroad would not be liable.

**8. Master and servant ⬥⬥96(2)—Railroad not liable for injuries to guard if attack by strikers could not have been anticipated or prevented.**

Railroad would not be liable for injuries sustained by guard when whipped by strikers, if attack was sudden and unexpected, and such as could not have been reasonably anticipated nor prevented.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by A. B. Bourland against C. E. Schaff, receiver. Judgment for plaintiff. and defendant appeals. Reversed and remanded.

Chas. C. Huff and A. H. McKnight, both of Dallas, and Collins, Dupree & Crenshaw, of Hillsboro, for appellant.

Charles L. Black, of Austin, and Frazier & Averitte, of Hillsboro, for appellee.

BARCUS, J. On July 1, 1922, a general strike was called by the Federated Ship Crafts, and a great number of appellant's employees at Denison, Tex., joined the strike. On July 10, 1922, appellee, who was living in Hillsboro, was employed by appellant to go to Denison to guard the property of appellant and prevent its injury or destruction. Appellee's pay commenced when he left Hillsboro, and he was furnished as part of his compensation a trip pass from Hillsboro to Denison. Appellee and three other men, who were employed at the same time and for the same purposes, arrived at Denison about 10 o'clock on the night of July 10th on the regular passenger train of appellant. As they were going from the train to the waiting room at the depot in Denison, they testified they were taken in charge by a mob of strikers, each one being placed in a separate automobile, and appellee was carried to some point in the country and flogged and cursed and his life threatened, and he was told by the strikers that if he returned to Denison he would be killed. The injuries inflicted consisted of 30 licks being administered by five men and the cursing and threatening of his life and the necessity of his remaining in the country overnight, and the humiliation occasioned thereby No evidence was offered showing the extent of the injuries or that appellee lost any time from work or that he was attended by a physician.

Appellee filed this suit against appellant for damages occasioned by said acts of the strikers, claiming that he was a passenger on appellant's train and that as such he was entitled to the degree of care on the part of appellant which it owed to passengers to prevent his receiving said injuries. Appellee alleged that when he was employed the agent of appellant told him there would be United States marshals to meet him at the depot in Denison and escort him to his boarding house and to his place of work, and that

there was no danger of his being hurt; that he relied on said statements and promises and contract on the part of appellant to have said officers at the depot to guard him when he arrived. Appellee alleged that the appellant wholly failed and refused to carry out its contract and was thereby negligent, which negligence caused his injury. He further alleged that the appellant knew that the mob of strikers was at the depot and would assault appellee at the time he arrived, and that appellant was negligent in failing to notify him of the mob and was negligent in failing to have sufficient guards present at Denison to protect him from the strikers.

Appellant answered by general demurrer, a number of special exceptions, and as special defense alleged that the strike had been in existence only since the 1st of July, and that prior to the assault made on appellee there had been no violence used by the strikers, and that it had no information and could not have by any means at its command anticipated that there would be any violence used by the strikers, and alleged that the assault was a sudden and unexpected attack by outside parties over whom it had no control, and that it could not by any means at its command have prevented same, and that it was not in any way responsible therefor. It further alleged that the appellee was guilty of contributory negligence in that when he reached Denison he informed the strikers of his business, and if he had not so informed them the strikers would not have in any way molested him.

The cause was tried to a jury and submitted on special issues. In response to the findings by the jury and additional findings by the court, judgment was entered for appellee for $7,000.

[1] W. J. Dunn, over appellant's objection, was permitted to testify in substance that he (Dunn), on the night of July 10th, had been told by W. H. McAllister, a brakeman on appellant's road at Fort Worth, that it was dangerous for him to go to Denison; that if he went he would be taken out by the strikers; that other fellows up there at Denison had been whipped; and that it was not safe for him to go. Neither Dunn nor McAllister were parties to this litigation. It was not shown that McAllister knew anything about the conditions at Denison. McAllister testified that he had not been in Denison in more than a year prior to July, 1922, and he denied having any such conversation with Dunn and denied knowing anything about conditions at Denison. Appellee contends that the testimony was admissible to show that the condition at Denison was so notoriously dangerous that appellant knew or was charged with notice thereof. Appellee does not contend that notice to McAllister was notice to appellant. It was not shown that McAllister personally knew of the conditions, and any statements he might have made to a third party could not be used to show the conditions existing at Denison, and the trial court committed error in admitting said testimony. Missouri Pacific Ry. Co. v. Johnson, 72 Tex. 95, 10 S. W. 325; Cameron Steam Pump Works v. Lubbock Light & Ice Co. (Tex. Civ. App.) 147 S. W. 717; Thompson v. G., H. & S. A. Ry. Co., 48 Tex. Civ. App. 284, 106 S. W 910.

[2] Appellant complains of the trial court's action in refusing to permit it to offer in evidence articles published in the Dallas News, purporting to emanate from the strike officials, to the effect that the strikers would not resort to any violence and would not in any way molest or interfere with the railway company in its operation of its trains, nor would it permit any of the strikers to in any way destroy the property of appellant. There was nothing to show that the officials of the appellant had seen said articles or that they had in any way relied thereon, or that their publication had been in any way authorized by the strikers. The trial court did not commit error in excluding said newspaper articles.

[3] Appellant, at the close of the testimony, requested the court to instruct the jury to return a verdict for it, and after the verdict was returned asked that same be set aside because it was not supported by the testimony. The court refused the request for the peremptory instruction and the motion to set the verdict aside, and appellant assigns error. We sustain these assignments. Outside of the testimony of the witness Dunn, which was improperly admitted, the evidence was not sufficient to raise the issue of danger from mob violence on the part of the strikers at Denison. No act of violence prior to said time was shown. There is no evidence in the record that the strikers had in any way either threatened or molested any of the employees of appellant or any of the strike breakers or guards, or had in any way threatened to injure any of the property of appellant or injure any of its employees. The mere fact that a strike among the Federated Shop Crafts was in existence was not in itself sufficient to place appellant on notice that any of its other employees or guards of its property would be in any way molested, and there was no evidence that appellant could have foreseen the attack or in any way prevented same. Texas & Pacific Ry. Co. v. Bigham, 90 Tex. 223, 38 S. W. 162.

[4] The trial court instructed the jury in effect that appellee was a passenger of appellant at the time of the attack in question, and that it was the duty of appellant to use such high degree of care and foresight in the protection of appellee from possible dangers and to exercise such high degree of prudence in guarding against them as would be used by a very cautious and prudent person under like circumstances. Appellant objected to said charge because it placed a

more onerous burden on it than was required by law, in that appellee was not a passenger but at most only an employee of appellant. The authorities of other states are apparently in hopeless conflict as to whether an employee of a public carrier in going to and returning from his work occupies the relation of employee or passenger. The weight of authority, we believe, is to the effect that while the employee is being carried from the place of his work to his home and back he travels as an employee. Louisville & N. Ry. Co. v. Stuber, 108 F. 934, 48 C. C. A. 149, 54 L. R. A. 696; Texas & Pacific Ry. Co. v. Smith, 67 F. 524, 14 C. C. A. 509, 31 L. R. A. 321; Birmingham Ry. Light & Power Co. v. Sawyer, 156 Ala. 199, 47 So. 67, 19 L. R. A. (N. S.) 717. Some of the leading authorities holding a contrary view are: Indiana Union Traction Co. v. Langley, 178 Ind. 135, 98 N. E. 728; Haas v. St. L. & S. Ry. Co., 111 Mo. App. 706, 90 S. W. 1155; Williams v. Oregon Short Line R. Co., 18 Utah, 210, 54 P. 991, 72 Am. St. Rep. 777. The trend in Texas, as we construe the decision, is to hold that while an employee of a public carrier is going to or from his work he is traveling in the capacity of an employee, rather than as a passenger. Gulf, W. T. & P. Ry. Co. v. Ryan, 69 Tex. 665, 7 S. W. 83; I. & G. N. Ry. Co. v. Ryan, 82 Tex. 565, 18 S. W. 219; Dallas v. G., C. & S. F. Ry. Co., 61 Tex. 196; T. & P. Ry. Co. v. Scott, 64 Tex. 549; M., K. & T. Ry. Co. v. Hendricks, 49 Tex. Civ. App. 318, 108 S. W. 745; Western Indemnity Co. v. Leonard (Tex. Com. App.) 248 S. W. 655. We are of the opinion, under the facts in this cause, appellee having gone to Denison for the purpose of doing guard duty for appellant and being on the pay roll of the company as such, and after having arrived in Denison started to the waiting room of the station to get instructions or directions, and after leaving the train and while going to the waiting room he told the mob his business and what he was there for, he was not entitled to that high degree of care for his protection from the mob required of public carriers for the protection of its passengers, and the trial court should not have so instructed the jury.

[5-7] Appellant requested the court to give a special charge on the question of contributory negligence on the part of the appellee by reason of his having informed the mob at the depot his business. This should have been given. Contributory negligence is presented in any case where from the proof reasonable minds may conclude that both parties were guilty. Texas Midland Ry. Co. v. Monroe, 110 Tex. 97, 216 S. W. 388. Appellee testified that he told the mob his business in Denison, and that they immediately said they would, and they did, take charge of him. No other passengers except appellee and his companions who had gone to Denison to do guard duty were molested by the mob, and the evidence tends to show that if appellee had not informed the mob of his business he would not have been molested. If the attack was caused by appellee's action in telling the mob his business in Denison and same was the proximate cause of the injury, appellant would not be liable.

[8] Appellant requested the court to submit the issues as to whether the assault on appellee was sudden and unexpected, and whether appellant by the use of the means at its command could have prevented same. The court refused to submit same and appellant assigns error. Appellant was entitled to have these issues submitted to the jury. If the attack was sudden and unexpected and such as could not have been reasonably anticipated or prevented, appellant would not be liable. Fort Worth & R. G. Ry. Co. v. Stewart, 107 Tex. 594, 182 S. W. 893; Prokop v. Gulf, C. & S. F. Ry. Co., 34 Tex. Civ. App. 520, 79 S. W. 101; Thweatt v. H. E. & W. T. Ry. Co., 31 Tex. Civ. App. 227, 71 S. W. 976. Where a passenger was attacked on the depot grounds by the employees of the carrier, and where an attack has been instigated by the employees and the carrier failed to use the high degree of care which it is required to exercise for the protection of its passengers to stop the assault, the carrier has been held liable. M., K. & T. Ry. Co. v. Silber (Tex. Civ. App.) 209 S. W. 188; McCardell v. G., C. & S. F. Ry. Co. (Tex. Civ. App.) 102 S. W. 941. We have not, however, been able to find any authority which holds that a public carrier is responsible for that high degree of care it is required to give its passengers to protect a person who has been a passenger from injuries received after he left the train, where said injuries were caused by a mob in no way shown to be connected with the carrier and the assault not being in any way instigated by or participated in by the employees of the company, and nothing to show the employees of the carrier could have prevented same.

Appellee in this cause alleged that he had a contract with appellant for protection on his arrival at Denison. This feature of the cause was not in any way submitted to the jury and no request made by appellee to submit same to the jury, presumably for the reason that the evidence did not raise the issue.

For the errors indicated, the cause is reversed and remanded.