TEXAS & P. RY. CO. v. SMITH.

(Circuit Court of Appeals, Fifth Circuit. February 5, 1895.)

No. 264.

1. NEGLIGENCE—RISKS OF EMPLOYMENT.
S. was a civil engineer, in the employ of defendant railway company, charged with the duty of looking after the buildings and maintenance of bridges, trestles, etc. While traveling on the road, S. was killed in an accident, caused by the collapse of a burning bridge, at a part of the track where no track walker or watchman was employed. *Held*, that S. assumed the risk arising from the absence of watchmen, and that there could be no recovery by his representatives for his death. Toulmin, District Judge, dissenting.

2. SAME—CONTRIBUTORY NEGLIGENCE.
It seems that S., having been particularly charged with the care of bridges, was guilty of contributory negligence in failing to provide a sufficient watch at the point where the accident occurred. Toulmin, District Judge, dissenting.

3. MASTER AND SERVANT—DUTY OF MASTER.
It seems that it is error to charge a jury that a master contracts not to expose his servant to other and greater risks than those necessarily incident to his employment, the true rule being that the servant assumes all ordinary risks. Per Toulmin, District Judge.

**4. SAME—RAILROAD COMPANIES.**
 It seems that it is error to charge a jury, without qualification, that a railroad company is bound to furnish its employés safe cars and a safe track. Per Toulmin, District Judge.

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

W. W. Howe and S. S. Prentiss, for plaintiff in error.

B. F. Jonas and J. H. Hall, for defendant in error.

Before McCORMICK, Circuit Judge, and BRUCE and TOULMIN, District Judges.

BRUCE, District Judge. This suit was brought in the court below by Mrs. Gessner T. Smith, widow of the late Paoli A. Smith, suing in her own behalf and also as guardian and in behalf of her minor child, Paoli Smith, to recover damages from the Texas & Pacific Railway Company for the death of her husband. Paoli A. Smith was at the time of his death, and for some time preceding had been, resident engineer for the Texas & Pacific Railway Company, residing at Marshall, Tex., and on the 30th day of January, 1892, he started on a passenger train of the railroad company from Marshall, Tex., to New Orleans, under orders from his company, for duty in his position as engineer. On the trip, at a point on the road near the village of Robeline, in Louisiana, on the 30th day of January, 1892, the train on which he was traveling ran upon a burning bridge, which gave way, and precipitated the train to the ground below. The car on which he was traveling was telescoped with another car of the same train, and his leg was caught between the two cars and the broken timbers, and crushed and mangled. The car took fire, and he was dragged violently from under the timbers, to save him from being burned to death, and in consequence of which injury it was found necessary to amputate his leg above the knee, and from the injuries received he died February 7, 1892. The petition in the court below charged negligence upon the company, its officers and employés, and specifies the following:

"Petitioner alleges that there was no guard or watchman at said burning bridge, as there should have been; that it had been burning for hours, and, as petitioner believes, and expects to prove, was fired by sparks from the engine of another train of the said company, which passed some hours before; and petitioner alleges that there were no track walkers or watchers upon said railway at or in the vicinity of said bridge, or on said section of said railway, and none of the vigilance, watchfulness, or care was exercised by said company, its officers, agents, or employés, such as is required by law and custom for the protection of the lives and safety of railway passengers, and through the proper presence and exercise of which the said accident could and would have been averted."

To this the defendant company, plaintiff in error, answered by a general denial, and, further answering, respondent avers that, even if said deceased was injured through any fault, negligence, or want of care on the part of respondent, its officers, agents, or employés, or those for whom it was responsible (all of which is denied), yet,

even in such case, plaintiff cannot recover, because said deceased, Paoli A. Smith, was careless and negligent in said premises, and by his fault and negligence contributed to the accident complained of, and the results; that just before the said accident, he, said Smith, negligently and without necessity left the car, and, while the train was in motion, went out on the platform between two cars,—a place which was dangerous, and where he had no right to be; and he, said Smith, was injured because he was on said platform, as aforesaid, and he would not have been injured had he remained in the car; and said Smith in other ways contributed, by his fault and negligence, to said accident and its results. Or, respondent avers, said accident and its results were caused by the fault and negligence of fellow servants of said P. A. Smith, engaged in a common employment. Respondent further avers that said Paoli A. Smith was not a passenger on said train, but was traveling on a pass, under which he assumed all risks of accident and damages to his person or property, whether caused by the negligence of the railway company, its agents or servants, or otherwise. Respondent further avers that said P. A. Smith assumed all risks of his employment; and further shows that at the time of said accident, and for some time prior thereto, said P. A. Smith, as resident engineer aforesaid, had full charge and direct control and supervision of the bridges and buildings on said railroad in Louisiana, etc., including the trestle or bridge mentioned in the petition which was burned; and said P. A. Smith was superintendent of the bridges and buildings department, and responsible for the condition of said bridge last named, and for the inspection, guarding, and watching the same; and it was his duty to decide on what bridges watchmen should be stationed, and he was aware of all the facts connected with the said bridge or trestle, and assumed all the risks of his employment.

There is really little dispute about the facts in the case, and, in the view taken of it, we need not dwell upon them. The main question is the relation of the deceased to the company at the time of the accident when he received the injury which resulted in his death. He was civil engineer of the appellant company, residing at Marshall, on the line of the railroad, and was traveling on duty for his company at the time of the accident. The fact that he was traveling on the train and in a sleeping car did not make him any less the engineer of the company, charged with the duties and responsibilities of his position. It was doubtless contemplated in his contract of employment that he would be required, in the discharge of his duties, frequently to pass over the line of the railroad. Passengers ordinarily, at least, pay fare for their transportation, but the deceased was at the time traveling upon a pass, such as was usual for employés to travel on over the line of the road, which it may be noted had in it an exemption from liability for injuries to person or property; and the conductor, knowing, as he testifies, the deceased, and knowing his relation to the road, did not call for and did not see the pass. Witness Grant, vice president, general manager, and chief engineer of the railroad company,

says: He (the deceased) was, first, assistant civil engineer; after that, resident engineer. The duties of his position were to "look after the buildings and maintenance of bridges, water tanks, and trestles of the railroad company." An employé is one whose time and skill are occupied in the business of his employer, and we think that the deceased was an employé of the appellant company, and not a passenger on the train of the company at the time of the injury which resulted in his death. In the case of Railway Co. v. Minnick, decided by this court, and reported 10 C. C. A. 1, 61 Fed. 635, a case growing out of the same accident as this case, which resulted there in the death of the locomotive engineer, this court held:

"An employé assumes the risks ordinarily incidental to his employer's business, and to the employer's known manner of having it performed, when there is no unknown defect of the machinery or other unknown hazards,"— citing authority. The court continues: "He [Minnick] knew, or with the exercise of the ordinary care incumbent on him in his employment would have known, and must therefore be presumed to have known, the customary daily watch that was kept on the track and bridges, and that there was no track walker kept on that part of the track, or watchman kept at this bridge. He knew and understood the features and working of the engines, and the character and extent of the watch that was kept on this bridge. He therefore, according to the settled rule just given, assumed the risk of being injured by the use of such machinery on the track and bridges thus watched."

This rule, applied in that case, seems to be equally applicable in the case now before the court, and finds support in many decided cases both in federal and state courts. In Railroad Co. v. Herbert, 116 U. S. 642, 6 Sup. Ct. 590, the court say:

"The general doctrine as to the exemption of an employer from liability for injuries to a servant caused by the negligence of a fellow servant in a common employment is well settled. When several persons are thus employed, there is necessarily incident to the service of each the risk that the others may fail in that care and vigilance which are essential to his safety. In undertaking the service he assumes that risk, and, if he should suffer, he cannot recover from his employer. He is supposed to have taken it into consideration when he arranged for his compensation. As we said on a former occasion: 'He cannot, in reason, complain if he suffers from a risk which he has voluntarily assumed, and for the assumption of which he is paid,' "—citing Railway Co. v. Ross, 112 U. S. 377–383, 5 Sup. Ct. 184.

There is another suggestion which seems proper to be considered in this connection. Deceased, as we hold, was an employé of the appellant company, and the grade and character of his employment may properly have some influence on the question under consideration. He was an official of his company, occupying a position of high responsibility in connection with the operation of the railroad, and was particularly charged with the care and maintenance of the bridges upon the line of the railroad. If there was negligence in the watch that was kept at this burned bridge, and if the bridge was of such magnitude and character as, in the judgment of prudent and experienced railroad men, required more than the daily watch which was kept, then the inference would be no more than fair that he and his company were at fault in the matter of the watch which should have been, but was not, maintained at that bridge at the time of the accident; and that for that reason neither he, if he had survived, nor his representatives, can recover

under the admitted facts of the case. It is claimed that the evidence tending to show negligence in the watch of the bridge in question and the alleged defective character of the appliance used upon defendant's trains to prevent escape of sparks and fire from the locomotive was proper matter to be left to the jury, and from which the jury might infer negligence on the part of the railroad company. That would be of force if the case turned upon the question of negligence as shown or not shown by the proof. This evidence, however, with all the inferences which the jury could fairly draw from it, leaves us in doubt, at least, if it was sufficient to justify the verdict for the plaintiffs; but, however that might be held, the general charge for the defendant should have been given in the court below, and the judgment below is reversed, and the cause remanded for proceedings in accordance with the views expressed in this opinion.

TOULMIN, District Judge (dissenting). I concur with the court in the conclusion that this cause should be reversed and remanded, but I do not concur in the opinion that the court below erred in not giving the peremptory charge for the defendant. I think there was sufficient evidence as to negligence vel non on the part of the defendant, and as to contributory negligence on the part of deceased, to require the case to be sent to the jury. But I think that the court erred in giving the charges noticed in the fourth and fifth assignments of error. These charges are as follows: "While it is true that the employé assumes risks incident to the service, the employer contracts with him not to expose him to other and greater risks than those necessarily incident to the service in which he was engaged;" and "that it was the duty of the defendant to furnish adequate material and resources for the work, and that a part of this duty was, when the plaintiff's husband was traveling upon the cars of the defendant, engaged in its service, to furnish him with safe cars and a safe track." Those charges were erroneous, as applicable to the case, and were calculated to mislead the jury. While they recognize the relation of employer and employé as existing between the company and the deceased, they declare a rule too strict and arbitrary in such case. The first charge, in effect, asserts that the employé assumes only such risks as are unavoidable, and that the employer contracts not to expose him to greater risks than those unavoidably incident to the particular service. The correct rule, as I understand it, is that the employé assumes all ordinary risks incident to the service in which he is engaged, and that the employer contracts with him not to expose him to greater risks than those ordinarily incident to such service. Minnick Case, 6 C. C. A. 387, 57 Fed. 362; Hough Case, 100 U. S. 213; Ross Case, 112 U. S. 382, 5 Sup. Ct. 184; Baugh Case, 149 U. S. 381, 13 Sup. Ct. 914. The second charge referred to is, in effect, that the company was bound to furnish the deceased, its employé, with cars and track absolutely safe. The rule is that the company is not an insurer or guarantor, but that it is required to take reasonable care and precaution to provide reasonably and ade-

quately safe cars and track for the use of its employés. Baugh Case, 149 U. S. 386, 387, 13 Sup. Ct. 914. For the reasons stated, the judgment should be reversed, and cause remanded.