TOMLINSON v. CHICAGO, B. & Q. R. CO.

(Circuit Court of Appeals, Eighth Circuit. October 23, 1899.)

No. 1,179.

MASTER AND SERVANT—INJURY OF RAILROAD EMPLOYE—FELLOW SERVANTS.

A bridge builder and repairer employed by a railroad company, and furnished with cars in which he and his assistants and tools are transported to places along the line of the road where his services are required, the usual custom being to attach his cars to some regular train, is a fellow servant with the employés in charge of such trains, not only while he is engaged in the work of building or repairing bridges, but also while being so moved in his cars from place to place in the discharge of his regular duties, and he cannot recover from the company for injuries received through their negligence while being so transported in the usual manner.[1]

In Error to the Circuit Court of the United States for the District of Colorado.

S. C. Hinsdale and J. B. Ross, for plaintiff in error.

Henry F. May (Edward O. Wolcott and Joel F. Vaile, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. John Tomlinson, the plaintiff below and the plaintiff in error here, was in the employ of the Chicago, Burlington & Quincy Railroad Company, the defendant in error,

[1] As to who are fellow servants, see notes to Railroad Co. v. Smith, 8 C. C. A. 668, Railway Co. v. Johnston, 9 C. C. A. 596, and Flippin v. Kimball, 31 C. C. A. 286.

hereafter termed the "defendant," as a bridge builder and a repairer of bridges on the line of its road. To enable him to discharge his duties promptly, conveniently, and efficiently, two cars had been assigned to him for his use, which belonged to the railroad company, and in these cars the plaintiff was in the habit of traveling with his tools and materials from place to place where his services happened to be required. When the plaintiff had orders to repair a bridge at any particular point on the line of the defendant's road, the two cars that had been assigned to him were usually placed in one of the defendant's regular freight trains for transportation to the place where the work was to be done, and the plaintiff, with his assistants, was in the habit of riding in said cars to the place of destination. On arriving at the place of destination, said cars would be set out on a side track as near as possible to the place where a bridge was to be erected or repaired, or where other work in his line was to be done. On December 5, 1892, the plaintiff was ordered to proceed with his two cars from Barr station, on the line of the defendant's road, to Akron station, and there build a snow fence. Pursuant to said order, his cars were taken up by one of the defendant's regular freight trains, known as train "No. 150," which consisted at the time of about 35 cars, including the plaintiff's cars. The 2 latter were placed nearly in the middle of the freight train, there being about 10 cars between them and the engine, and 23 cars in the rear thereof. When said train reached a point about seven miles west of a place called "Corona Station," on the line of the defendant's road, the train parted in two places, one break being between the plaintiff's cars and the engine and the other break being between the plaintiff's cars and the rear end of the train. The break was not discovered at the time, and the train continued eastward to Corona station, on a down grade. When the engine and the cars attached to it stopped at said station, the detached cars at the rear end of the train, which were then a short distance behind, crashed into the forward cars, from which they had been detached, and in this way the two work cars, in one of which the plaintiff was riding, were broken up and wrecked, and the plaintiff thereby sustained serious injuries. It was charged in the complaint which was filed by the plaintiff against the defendant company that the employés of the railroad company who were in charge of said freight train at the time were guilty of gross negligence, both in permitting the break to occur, and in not discovering that the train had been broken up into three sections before it reached Corona station. At the conclusion of all the testimony, the learned judge of the trial court directed a verdict for the defendant upon the sole ground that the evidence disclosed conclusively that such negligence as was proven was the negligence of the trainmen who were in charge of the freight train, and that the latter must be regarded as the fellow servants of the plaintiff. Whether this view of the case was correct or erroneous is the sole question presented for decision.

In Railroad Co. v. Hambly, 154 U. S. 349, 14 Sup. Ct. 983, it was decided that a common day-laborer, who was at work with a gang

of sectionmen on a line of railroad, and was injured by the negligence of a conductor and engineer of a passenger train which was moving over the road, could not recover against his employer for the injury so sustained, because he and the conductor and engineer of the passenger train were engaged in the same common employment, and were, therefore, fellow servants. The doctrine announced in that case was reiterated in Railroad Co. v. Charless, 162 U. S. 359, 16 Sup. Ct. 848; also in Railroad Co. v. Peterson, 162 U. S. 346, 356, 16 Sup. Ct. 843, and in Oakes v. Mase, 165 U. S. 363, 17 Sup. Ct. 345, and in Martin v. Railroad Co., 166 U. S. 399, 403, 17 Sup. Ct. 603. It must be accepted, therefore, as the established rule in the federal courts, that sectionmen engaged in keeping a railroad track in repair and train operatives thereon are fellow servants; that the departments in which they work are not so far separate and independent as to sever that relation; and that, when an employé who is engaged in one of these departments is injured by the negligence of an employé who is at the time working in the other, the master cannot be held responsible for the injury, unless the servant through whose fault the injury was occasioned was at the time discharging some personal duty of the master, and was negligent in the performance of that duty. Railroad Co. v. Keegan, 160 U. S. 259, 264, 16 Sup. Ct. 269. It is conceded, apparently, by counsel for the plaintiff, that, if the plaintiff had been hurt while working on a bridge or trestle on the line of the defendant's road by the negligence of one of its train operatives on some passing train, he could not recover for the injury by reason of the rule enunciated in the foregoing cases, and it is clear, we think, that under the circumstances last stated he would have occupied the same relation to train operatives as a sectionman engaged in keeping the defendant's track in repair.

An effort is made to distinguish the case at bar from a case such as is last supposed because the plaintiff was injured, not while at work on the road, and engaged in keeping it in repair, but while being transported to his place of work. It seems to be contended that while being thus carried from place to place he was not a fellow servant of the trainmen engaged in operating the train in which his cars happened to be placed. We think, however, that the effort to distinguish the case in hand from those above cited, in which it was held that the sectionmen and train operatives are fellow servants, must fail for the following reasons: It was the plaintiff's duty to travel in his work cars to those places along the line of the defendant's railroad where his services were required, and it was his duty, and it had been his practice, to attach his cars to the defendant's freight trains, and go to designated points for the purpose of doing such work as he was directed to do. This was the manner in which he usually traveled to his place of work. He was not a casual passenger on the broken freight train on the day of the accident, but he was doing on that day as he usually did, and as it was contemplated that he would do when he took service with the defendant company. While traveling in the manner last indicated, he was paid for his time, and was in the same

general service as the men who operated the train on which he was carried. We can perceive no substantial reason, therefore, for holding that the relation of fellow servant between himself and the trainmen was broken while he was being transported to his place of work, and that it was re-established when he reached his destination and actually commenced work,—as we must necessarily hold if we decide that the defendant is responsible for the negligence of its trainmen on the day of the accident. It seems to us to be the more reasonable view, considering the circumstances under which his work was done, that the plaintiff was a fellow servant of the defendant's trainmen, both while he was being transported on its trains to his place of work and while he was actually engaged in repairing bridges, or doing other necessary work along the track. It results from this view of the case that the judgment below should be affirmed, and it is so ordered.