MEXICAN CENT. RY. CO., Limited, v. CONWAY.

(Circuit Court of Appeals, Fifth Circuit. April 28, 1901.)

No. 1,023.

MASTER AND SERVANT—ACTION FOR INJURY OF SERVANT—DIRECTION OF VERDICT.

Where facts, as well as their bearing upon the injury of an employé, were in issue in an action to recover from the master for such injury, and the evidence was conflicting, the court properly declined to direct a verdict.

In Error to the Circuit Court of the United States for the Western District of Texas.

T. A. Falvey and Waters Davis, for plaintiff in error.
Millard Patterson and C. N. Buckler, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge. The case, as presented in the circuit court, is fairly stated in the opening of the judge's charge to the jury, as follows:

"This suit was brought to recover damages of the defendant. The accident which resulted in the plaintiff's injuries occurred in the republic of Mexico on September 20, 1899. At the time of the accident the plaintiff was a train conductor in the employment of the defendant, and was riding in the caboose attached to the engine when the derailment occurred. One P. T. Lavelle was the engineer in charge of the locomotive at that time. Briefly stated, the plaintiff claims: (1) That the engineer, Lavelle, was an incompetent employé, and that his injuries were the direct result of his incompetency, in that Lavelle recklessly ran the engine at a dangerous rate of speed down a mountain grade, and while so running the engine and caboose jumped the track, and injured the plaintiff; (2) that the triple valve of the caboose was defective and out of order, and it was, therefore, impossible

for him to use the air brake for the purpose of stopping the rapidly running train."

At the close of the evidence the defendant below requested an instruction to the jury to find for the defendant, which request was refused. From an adverse verdict and judgment this writ of error was sued out.

The only error assigned is the refusal to give the general charge, and in the assignments of error the following reasons why it should have been granted are given:

"That the proof showed that plaintiff was injured through the negligence of one Lavelle, a fellow servant of plaintiff; that the issue made by plaintiff, and the theory upon which said suit was tried was that defendant had notice of the incompetency of said Lavelle by reason of his general reputation among the employés of defendant, whereas such general reputation among the employés of defendant, if sufficient to bring notice to the officers of defendant, was sufficient to bring notice to the plaintiff in this suit, who was working with said Lavelle as the conductor on the train of which Lavelle was the engineer, plaintiff having failed to either allege or prove that he did not know of the incompetency of said Lavelle. or of his reputation, at the time he went out with said Lavelle upon the trip in which said accident occurred." "That the negligence of said engineer, Lavelle, in operating his train rapidly was the proximate cause of plaintiff's injury, and the condition of the triple valve on plaintiff's caboose was a matter and thing too remote and disconnected from the cause of the accident to warrant a recovery on that account, under the proof in this case; and for the reason that the insufficiency of said triple valve and the air-brake appliance on the caboose wherein plaintiff was riding had been for a long time, to wit, for 10 or 12 days before the accident, as shown by plaintiff's evidence, and was at the time of the accident in which plaintiff was injured, out of repair; and that plaintiff had repeatedly given notice of the condition of said triple valve, and the employés of defendant had had ample time to fix the same, but had failed to do so, and plaintiff knew at the time he went out on said run and was injured that said triple valve had not been repaired: and therefore plaintiff assumed the risk of injury by reason of the condition of said triple valve." "That under the facts and pleadings presented by plaintiff herein, the same showing that plaintiff assumed the risk of damage and injury occurring through the negligence of said Lavelle by not reporting said Lavelle to defendant as incompetent, plaintiff being charged with notice of his incompetency through the general reputation that he himself proved and showed existed, and that plaintiff also assumed the risk of injury on account of the triple valve and its condition, for the reason, as pleaded by him, and as shown by testimony offered by plaintiff, said triple valve had been out of order for a number of days, and was reported by him a number of times; that defendant had sufficient time and opportunity to repair the same, and that plaintiff knew at the time of said run that said valve had not been repaired."

In the foregoing reasons it is assumed that the incompetency of Lavelle was the sole cause of the disaster; that such incompetency was previously brought to the attention of the railway company only through Lavelle's general reputation among the railway employés; that the plaintiff below was charged with knowledge of Lavelle's incompetency through said general reputation, and, as he did not report him to the railway company as incompetent, he thereby assumed all risks of damage and injury occurring through the negligence of Lavelle; that the insufficiency of the triple valve and the air-brake appliance on the caboose was too remote a cause to have any effect on the disaster; and that, as the plaintiff below knew, at the time he went on the run and was injured, that the promises to

repair the valve had not been carried out. he assumed all risks in relation thereto. None of these assumptions are well-founded. The plaintiff, in his petition, charged that Lavelle was incompetent, careless, and reckless, and that the fact was known to the railway company, or might have been known by the use of reasonable diligence, and that the same was not known to the plaintiff. Under this issue the competency of Lavelle was contested, and, while the plaintiff below put on three witnesses who swore that he was incompetent, and that his general reputation was bad, the defendant railway company put on six witnesses, who, in the main, testified that he was a competent engineer, and that his general reputation was good. The plaintiff below also offered evidence tending to show that Lavelle had been laid off by the railway company for drunkenness, and that his incompetency in that respect had been directly reported to the superior officers of the railway company; and this was contested by counter evidence. There was evidence tending to show that the plaintiff below did not know that Lavelle was incompetent in fact, or had that general reputation. Much evidence was adduced pro and con as to the defects of the triple valve, and its value and use, and the use of the air-brake appliances in connection with stopping trains, and bearing on the question of neglect of the railway company in not keeping the said valve and appliances in working order. The court below properly declined to assume that all these disputed matters were established by undisputed evidence, and to resolve them so as to fit in and harmonize with one aspect of the railway company's defense. The case was properly submitted to the jury, and the judgment of the circuit court is affirmed.