LOUISVILLE & N. R. CO. v. STUBER.

(Circuit Court of Appeals, Sixth Circuit. May 7, 1901.)

No. 881.

**1. MASTER AND SERVANT—NEGLIGENCE OF FELLOW SERVANT.**

The general rule is that a master is not liable for an injury sustained by one servant through the negligence of another in the same general service, in the absence of negligence of the master in respect to those duties which he is universally regarded as having assumed toward his servants, such as the obligation to exercise care in the selection of those to be associated with him, or of a place to carry on his work, and proper tools or materials with which he is to do it; and there is no sanction in the controlling authorities for taking a case out of the general rule of nonliability for the negligent acts of another servant by refined distinctions as to who are fellow servants based upon the subordination of one servant to another or upon the circumstance that two servants are engaged in different departments of a common service.

**2. SAME—INJURY OF SERVANT.**

The principle underlying those decisions which hold a master liable to a servant for the negligent acts of another servant in a separate and distinct department of the service is that a servant only assumes the risk from the negligence of those so closely associated with him that he is presumed to have contracted with reference to such risk; and where the duties of an employé are such that he is constantly subjected to risk of injury from the negligence of other employés, although in a dif-

ferent department, such principle does not apply, but as to him such other employés are fellow servants, within the rule which exempts the master from liability for their negligence resulting in his injury.

3. SAME—RAILROAD EMPLOYES—TRAINMEN AND EMPLOYES RIDING IN COURSE OF DUTY.

Plaintiff was foreman of water supply on a division of defendant's railroad, his business being to supervise the tanks and pumping machinery at the water stations on such division, and to keep the same in repair. In the performance of his duties he was required to ride over the road from station to station, and was furnished with a pass good on all trains. While so riding on a detached engine to a station where his services were required, he was injured in a collision caused by the negligence of the engineer in charge of such engine. *Held*, that he was not a passenger, but was a fellow servant of the engineer, for whose negligence causing his injury defendant was not liable.[1]

In Error to the Circuit Court of the United States for the Western District of Tennessee.

John W. Judd, for plaintiff in error.

J. N. Thomason, for defendant in error.

Before LURTON and SEVERENS, Circuit Judges, and CLARK, District Judge.

LURTON, Circuit Judge. The defendant in error, William Stuber, sustained a severe injury through the negligence of an engineer in charge of a detached engine upon which he was riding. Both the engineer and Stuber were at the time in the service of the railroad company. There was a judgment upon a verdict for defendant in error. 102 Fed. 421.

This case turns upon the single question as to whether the negligent engineer and Stuber were fellow servants. The facts were undisputed, and were as follows: Stuber for many years had been the "foreman of water supply" upon an extensive division of the railroad of the plaintiff in error, receiving $80 per month. His business was to supervise the water tanks and pumping machinery at the many water stations within his division, keeping same in good repair, and in condition to furnish water for the proper movement of trains. In the discharge of his duties he was obliged to pass frequently from one water station to another, and was authorized by a superintendent's order or pass to travel free upon any and all trains, and to stop them, when necessary, at any tank. To answer a call to repair the pumping machinery at Humboldt, Tenn., Stuber boarded a detached locomotive at Guthrie, Ky., bound down the road. Through the negligence of the engineer in sole control of this engine, a collision occurred at Clarksville, Tenn., with a train, whereby Stuber sustained a severe personal injury. The learned circuit judge was of opinion that the relation of fellow servant did not exist between defendant in error and the engineer, through whose negligence he had been injured, and instructed the jury to return a verdict against the plaintiff in error. A request to instruct the jury to find for the railroad company upon the ground

[1] Injuries to servant while not on duty, see note to Ellsworth v. Metheney, 44 C. C. A. 489.

that the engineer and Stuber were fellow servants was denied. The charge given and the request denied have been assigned as error. There is no statute in Tennessee defining fellow servants. The question is, therefore, one to be determined upon common-law principles. Under the decisions of the Tennessee supreme court, the liability of a railroad company to one servant who has sustained injury through the negligence of another has been made to depend upon the subordination of the one to the other, as well as upon refinements in respect to different departments of service. Railroad Co. v. Carroll, 6 Heisk. 347, 364; Railroad Co. v. Bowler, 9 Heisk. 866; Railroad Co. v. Lahr, 86 Tenn. 335, 6 S. W. 663; Mining Co. v. Davis, 90 Tenn. 711, 719, 18 S. W. 387; Railroad Co. v. De Armond, 86 Tenn. 73, 5 S. W. 600, 6 Am. St. Rep. 816; Railroad Co. v. Martin, 87 Tenn. 398, 10 S. W. 772, 3 L. R. A. 282. The question is, however, not one of local law to be settled by the decisions of the highest courts of the state in which the cause of action arose, but one of general law. So far as the supreme court of the United States has authoritatively determined the law applicable to such a case, it is the duty of this court to follow the law thus determined. But, so far as the question has not been thus authoritatively settled by that court, the common law applicable is to be determined by a consideration of all the authorities bearing upon the relation of master and servant. Railroad Co. v. Baugh, 149 U. S. 368, 13 Sup. Ct. 914, 37 L. Ed. 772. There is no authority for regarding Stuber, while being carried to his work by his employer, as a passenger. To discharge the duties of his peculiar employment, it was necessary that he should be carried from one place of work to another, as occasion should require. His transportation to and from his work was part of his contract of service, and while being thus transported he was as much in the service of the company as when engaged in the repair or construction of a water tank or pump. He was traveling at the time under a single contract of service, and his right to be carried free to and from his work is inseparable from the contract to do the work, and no valid ground exists for saying that he paid his own fare, or was in any sense a passenger.

The rule is now well settled that railway employés, while being carried, as part of their contract of service, to and from their place of work, are fellow servants, and not passengers. Thus, in Gillshannon v. Railroad Corp., 10 Cush. 228, laborers being carried to and from their work upon a gravel train were held not to be passengers, but fellow servants of those operating the train. In Seaver v. Railroad Co., 14 Gray, 466, a carpenter, whose business it was to repair bridges and fences along the line of railroad, injured while being carried free to a place of work, was held to be a fellow servant, and not a passenger. In Ryan v. Railroad Co., 23 Pa. 384, a laborer on a gravel train was injured through the negligence of the conductor or engineer while being carried from his residence to his place of work. Held, that there could be no recovery. In McQueen v. Railway Co., 30 Kan. 689, 1 Pac. 139, a bridge painter, while being transported over the road to discharge the duties of his place, was held not to be a passenger. In Railroad Co. v. Smith, 14 C. C. A.

509, 67 Fed. 524, 31 L. R. A. 321, it was held that a civil engineer, charged with the duty of looking after the maintenance of bridges, trestles, and water tanks, was not a passenger when traveling over the road in discharge of his duties. In Tomlinson v. Railroad Co., 38 C. C. A. 148, 97 Fed. 252,—an opinion by the circuit court of appeals for the Eighth circuit,—it was held that a bridge builder and repairer, whose duties called him to various places on the line of the railroad company employing him, was not a passenger when being carried over the road to place of work, but a fellow servant with those operating the train to which his car was attached. To the same effect are the cases of Tunney v. Railway Co., L. R. 1 C. P. 291; Ross v. Railroad Co., 5 Hun, 488, affirmed in 74 N. Y. 617, and cited in 95 N. Y. 272; Russell v. Railroad Co., 17 N. Y. 134; Vick v. Railroad Co., 95 N. Y. 267, 47 Am. Rep. 36; Abend v. Railroad Co., 111 Ill. 203, 53 Am. Rep. 616; Kumler v. Railroad Co., 33 Ohio St. 150. On this record there can be no question as to the right of the defendant in error if he had been injured while traveling for a purpose disconnected with his employment. He was not so traveling. The cases of Doyle v. Railroad Co., 162 Mass. 66, 37 N. E. 770, 25 L. R. A. 157; Doyle v. Railroad Co., 166 Mass. 492, 44 N. E. 611, 33 L. R. A. 844; McNulty v. Railroad Co., 182 Pa. 479, 38 Atl. 524, 38 L. R. A. 376; and State v. Western Maryland R. Co., 63 Md. 433,—are cases in which it appeared that at the time of the injury the employé was not in the service of the company, but was traveling for his own purposes, and therefore a passenger. The learned trial judge and the counsel for the defendant in error seem to place the liability of the railroad company upon the theory that only those servants engaged in the same department of the service of a common master are to be regarded as fellow servants.

Stuber, it is said, had nothing to do with the actual movement of trains or engines, and was, therefore, in a different department of service. The ground upon which those courts proceed which hold an employer liable to his servants for the negligent acts of other servants in a separate and distinct department is that the servant only accepts the risk of the negligence of those so closely associated with him as that he may be supposed to have contracted with reference to the possibility of their negligence, they coming through such association to some extent under his influence. Railroad Co. v. Carroll, 6 Heisk. 348, 362, et seq.; Shear. & R. Neg. (5th Ed.) §§ 237, 238. But under this rule it is difficult to see its application here. If Stuber had been hurt by those engaged in operating a train or locomotive while he was repairing a tank or pump on the side of the track, he might with more plausibility have urged that he could not foresee, when accepting employment, that he would be exposed to the negligence of servants operating trains. But in the case of Morgan v. Railway Co., L. R. 1 Q. B. 149, the plaintiff was employed by the railway company to do work as a carpenter. He was injured while standing on scaffolding at work on a shed close to the line of railway, and was injured by the carelessness of some train hands in shifting a locomotive on a turntable so that it struck a ladder supporting the scaffolding, by which means the plaintiff

was hurt. It was held that the plaintiff could not recover, having been injured by a fellow servant. Pollock, C. B., said:

"It appears to me that we should be letting in a flood of litigation were we to decide the present case in favor of the plaintiff. For, if a carpenter's employment is to be distinguished from that of the porters employed by the same company, it will be sought to split up the employés in every large establishment into different departments of service. Although the common object of this employment, however different, is but the furtherance of the business of the master, yet it might be said that no two had a common immediate object. This shows that we must not overrefine, but look at the common object, and not at the common immediate object."

In the case at bar Stuber's employment required him to pass over the line of railway continuously upon all kinds of trains. Thus he was brought continuously in contact with those operating the trains, and must, upon the association rule, be regarded as having foreseen that he would be exposed, at least while being carried to and from his place of work, to the negligence of those operating trains. The general rule is that the master is not liable in the absence of negligence in respect to those duties which he is universally regarded as having undertaken; such as the obligation to exercise care in the selection of those to be associated with him, or of a place to carry on his work, and proper tools or materials with which to do it. In the decisions of the supreme court we find no sanction for taking a case out of this general rule of nonliability for the negligent acts of a fellow servant by refined distinctions as to who are fellow servants, based upon the subordination of one servant to another, or upon the circumstance that two servants are engaged in different departments of a common service. Thus, in Steamship Co. v. Merchant, 133 U. S. 375, 10 Sup. Ct. 397, 33 L. Ed. 656, the department theory was repudiated in respect to those in service upon the same steamship, and the ship's carpenter held to be the fellow servant of the stewardess, though in distinct departments. In Railroad Co. v. Hambly, 154 U. S. 349, 360, 14 Sup. Ct. 983, 986, 38 L. Ed. 1009, 1013, a section hand was held to be the fellow servant of those engaged in operating trains. Mr. Justice Brown, in delivering the opinion of the court, said:

"To hold the principal liable whenever there are gradations of rank between the person receiving and the person causing the injury, or whenever they are employed in different departments of the same general service, would result in frittering away the whole doctrine of fellow service. Cases arising between persons engaged together in the same identical service—as, for instance, between brakemen of the same train or two seamen on the same ship—are comparatively rare. In a large majority of cases there is some distinction either in respect to grade of service or in the nature of the employments. Courts, however, have been reluctant to recognize these distinctions unless the superiority of the person causing the injury was such as to put him rather in the category of principal than of agent,—as, for example, the superintendent of a factory or railway; and the employments were so far different that, although paid by the same master, the two servants were brought no further in contact with each other than as if they had been employed by different principals."

In Railroad Co. v. Conroy, 175 U. S. 323, 328, 20 Sup. Ct. 85, 44 L. Ed. 181, Ross' Case, 112 U. S. 377, 5 Sup. Ct. 184, 28 L. Ed. 787, was expressly overruled, and the last vestige of authority for sup-

posing that the master's liability depended upon the nonsubordination of the injured servant to the one negligently inflicting the injury disappeared. Distinctions based upon gradations of rank and service in separate departments stand upon the same misconceptions as to the ground upon which a master's responsibility to his servant at common law rests. Thus Shaw, C. J., in Farwell v. Railroad Corp., 4 Metc. 49, 38 Am. Dec. 339, replying to the argument which had been advanced in favor of limiting the exemption of the master to his servants to injuries resulting from the negligence of those directly associated with the injured servant, said that the argument in favor of the distinction rested "upon an assumed principle of responsibility which does not exist. The master, in the case supposed, is not exempt from liability because the servant has better means of providing for his safety when he is employed in immediate connection with those from whose negligence he might suffer, but because the implied contract of the master does not extend to indemnify the servant against the negligence of any one but himself; and he is not liable in tort, as for the negligence of his servant, because the person suffering does not stand towards him in the relation of a stranger, but is one whose rights are regulated by contract, express or implied." In Railroad Co. v. Conroy, cited above, this reasoning was approved, and the rule touching the master's responsibility to his servants was thus stated for the court by Justice Shiras:

"Unless we are constrained to accept and follow the decision of this court in the case of Railroad Co. v. Ross, 112 U. S. 377, 5 Sup. Ct. 184, 28 L. Ed. 787, we have no hesitation in holding, both upon principle and authority, that the employer is not liable for an injury to one employé occasioned by the negligence of another engaged in the same general undertaking; that it is not necessary that the servants should be engaged in the same operation or particular work; that it is enough, to bring the case within the general rule of exemption, if they are in the employment of the same master, engaged in the same common enterprise, both employed to perform duties tending to accomplish the same general purposes, or, in other words, if the services of each in his particular sphere or department are directed to the accomplishment of the same general end; and that, accordingly, in the present case, upon the facts stated, the conductor and the injured brakeman are to be considered fellow servants within the rule."

Applying this principle, it is clear that Stuber and the engineer, through whose negligence he was hurt, were servants of a common master, and, though not engaged "in the same operation or particular work," they were both employed to perform duties "tending to accomplish the same general purposes." The services of Stuber in supplying trains with water were just as important to the proper movement of trains as those of the engineer upon a locomotive. The services of each in his particular sphere were directed to the accomplishment of the same general end. They were, therefore, fellow servants, without regard to the intimacy of their association, though, as we have already seen, the duties of Stuber were such as to require that he should be constantly carried to and from his work by those engaged in the operation of trains and engines. The failure to instruct for the plaintiff in error was an error, for which the judgment must be reversed.