MEXICAN CENT. RY. CO., Limited, v. SPRAGUE.

(Circuit Court of Appeals, Fifth Circuit. March 4, 1902.)

No. 1,072.

MASTER AND SERVANT—NEGLIGENCE OF FELLOW SERVANT—LAWS OF MEXICO.
The common-law doctrine as to the nonliability of employers to an employé for the negligence of a fellow servant is not in force in the republic of Mexico; and under the laws of that country a railroad company is liable for all faults or accidents which may occur through the negligence, imprudence, or want of capacity of its employés, whether the person injured be an employé or a stranger.

In Error to the Circuit Court of the United States for the Western District of Texas.

T. A. Falvey and Waters Davis, for plaintiff in error.

Millard Patterson and C. N. Buckler, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. The defendant in error, W. B. Sprague, plaintiff below, brought suit against the Mexican Central Railway Company, Limited, to recover damages for personal injuries sustained by him September 20, 1899, at or near Cardenas, republic of Mexico, while engaged in his duties as engineer and road master of the railway company, in riding on one of said company's cars which was wrecked. This case grew out of the same accident which resulted in the injury of E. S. Conway, who had a suit here on writ of error at the last term of this court. Railway Co. v. Conway, 48 C. C. A. 147, 108 Fed. 932. The issues in this case, however, are different from those in the Conway Case. In both cases the ground of recovery is upon two allegations of negligence, namely: First, the negligence of P. T. Lavelle, the engineer in charge of the engine, in running his engine recklessly; and, second, negligence in having a defective triple valve on the caboose on which plaintiff and Conway were riding. In the Conway Case it was contended that the company was negligent in retaining Lavelle in its service, he being incompetent on account of drunkenness, which incompetency was brought to the notice of defendant railway company through Lavelle's general reputation. In the present case, however, it is not contended that Lavelle was incompetent, or that the defendant had any notice of his incompetency, but it is insisted that he was negligent upon this particular occasion. In the Conway Case defendant failed to present any proof as to the condition of the triple valve on the caboose, and Conway's statement that it was out of order was not in said former case controverted. On the other hand, Conway's statement was strenuously denied in the present case, and defendant produced proof to show that the triple valve was in good condition. The proof in the present case establishes the negligence of Lavelle in the operation of his engine, but may be said to leave in doubt the question of the condition of the triple valve, upon which question the testimony was conflicting. The court upon this statement of the evidence, nevertheless, charged the jury to find a verdict for the plaintiff. In view of the conflicting evidence as to whether or not the triple valve was really defective, the action of the court in instructing to find for plaintiff is erroneous, unless defendant is liable in this suit for the negligence on the part of Lavelle.

The plaintiff, an engineer and road master of the railway company, was at the time of his injury, and while riding on the train of which Lavelle was the engineer, a fellow servant with Lavelle (see Railroad Co. v. Stuber, 48 C. C. A. 149, 108 Fed. 934; Railroad Co. v. Smith, 14 C. C. A. 509, 67 Fed. 524, 31 L. R. A. 321; Tomlinson v. Railroad Co., 38 C. C. A. 148, 97 Fed. 252); and thus the question before us, shortly stated, is whether the court below erred in holding that, under the pleadings and proof in this case and the legal presumptions applying in such cases, the common-law doctrine denying the

114 F.—35

liability of employers to an employé for the negligence of a fellow servant is not in force in the republic of Mexico.

The plaintiff pleaded and proved the following laws from the Codes of the republic of Mexico:

"Art. 301. The civil liability arising from an act or omission contrary to a penal law consists in the obligation imposed on the party liable, to make (1) restitution, (2) reparation, (3) indemnization, and (4) payment of judicial expenses."

"Art. 304. Reparation comprehends: The payment of all the damages caused to the injured party, to his family or to a third person, existing and not simply possible, if such damages are actual, and arise directly and immediately from the act or omission complained of, or there be a certainty that such act or omission must necessarily cause, as a proximate and inevitable consequence."

"Art. 326. No person can be charged with civil liability upon an act or omission contrary to a penal law, unless it be proven that the party sought to be charged usurped the property of another; that without right he caused, by himself, or by means of another, damages or injuries to the plaintiff; or that, the party sought to be charged being able to avoid the damages, they were caused by a person under his authority.

"Art. 327. Whenever any of the conditions of the preceding articles are established, the defendant shall be civilly liable without regard to whether he be absolved or condemned to criminal liability."

"Art. 330. In order that masters may be held civilly liable through their clerks and servants, according to the provisions of articles 326 and 327, it is an indispensable condition that the act or omission of the clerks or servants causing the liability shall occur in the service for which they were employed.

"Art. 331. Under the condition of the preceding article, those liable are * * * railroad companies."

Transitory Law, Penal Code:

"Art. 26. Until it is determined in the new code of procedure what judges shall have jurisdiction and the mode of proceeding, in suits to enforce civil liability, the following rules shall be observed: * * * (5) Actions to enforce the civil liability may be brought before a court of civil jurisdiction, whether or not the criminal proceeding has been commenced; but while the latter is pending, the proceeding in the former shall be stayed."

"Art. 184. Companies [railway] are liable for all faults or accidents which may occur through tardiness, negligence, imprudence or want of capacity of their employés."

The following is from the statement of Lic. Andres Horcasitas, one of the judges of the supreme court of the republic of Mexico, which was introduced in evidence without objection:

"In answer to the question as to whether or not under the laws of Mexico, where two men are employed by the same employer or by the same railroad, and are engaged in the same common service, and through the negligence or carelessness of one of the men so employed the other receives an injury without any fault upon his part, the courts of the republic of Mexico hold the master or railroad company liable for such injury, I will state that, although it would not be easy to designate any sentence in which such a case has been decided, I certainly can assert that, according to the articles of the Penal Code before mentioned, the liability of the railroad company for compensation for loss and damage caused by the negligence of its employés is clearly shown, whether the injured party is a stranger to the company or whether he bears the character of an employé of the same company; as a philosophical study of the law will at once show that the liability of the company cannot be altered by the character of the injured party, unless in the case where he himself is the person to be held liable. In my opinion, there can be no doubt that articles 326, 327, 330, and 331, and others of the

same character, in the Penal Code of the Federal District, establish the liability of the railroad companies for the personal injuries that are caused through the negligence of one of their employés, and suffered by another employé of the same company, and that the same rules are laid down in the penal legislatures of the States of the Federation, which, as already, have almost all adopted the same penal code, while those which have enacted different penal laws did not make any provision on this point different to those of the Federal District."

Under our construction of these articles in the codes of Mexico, in connection with the evidence of Judge Horcasitas, the common-law doctrine as to the nonliability of employers to an employé for the negligence of a fellow servant does not exist in Mexico, but, on the contrary, railway companies in the republic of Mexico are liable for all faults or accidents growing out of the negligence, imprudence, or want of capacity of their employés, and the employé of a railroad corporation does not assume as one of the risks of his employment the negligence of his co-employé to the exclusion of the employer's liability.

This construction of the laws of Mexico proved in this case is supported by the fact that in the republic of Mexico the common law never did prevail, but the prevailing system was that of the civil law, under which, as we understand, the fellow-servant doctrine as known in the common law never was recognized. This construction is also supported by the following: Railroad Co. v. McDuffey, 25 C. C. A. 247, 79 Fed. 934; Railway Co. v. Robinson, 14 Can. Sup. Ct. 105; Barksdale v. City of Laurens (S. C.) 36 S. E. 661; Pol. Torts, 85.

Entertaining these views, we find no error in the record of this case warranting a reversal of the same, and the judgment of the circuit court is therefore affirmed.