## HALE v. KANSAS CITY SOUTHERN RY. CO.

(Circuit Court of Appeals, Fifth Circuit. February 3, 1903.)

### No. 1,213.

1. MASTER AND SERVANT—INJURY OF SERVANT—FELLOW SERVANTS.

Where, as in Louisiana, the liability of a master for an injury of an employé by the negligence of a fellow servant is a matter of general law, not affected by statute, a railroad company is not liable for the injury of one member of a train crew, which occurred through the negligence of another member of the same crew, and without fault or negligence on the part of the company.

In Error to the Circuit Court of the United States for the Western District of Louisiana.

W. P. Hall, for plaintiff in error.

J. D. Wilkinson, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. In the Supreme Court of the state of Louisiana the liability of an employer to an employé for damages resulting from the negligence of a co-employé or fellow servant is considered a question of general law and not controlled by any express statute. See Hubgh v. New Orleans & Carrollton R. R. Co., 6 La. Ann. 495, 54 Am. Dec. 565; Satterly v. Morgan, 35 La. Ann. 1166; Towns v. Railroad Co., 37 La. Ann. 630, 55 Am. Rep. 508; Wallis v. Railroad & Steamship Co., 38 La. Ann. 160; Dandie v. Railroad Co., 42 La. Ann. 689, 7 South. 792; Bell v. Lumber Co., 107 La. 725, 31 South. 994. In Mexican Central R. R. Co. v. Sprague, 52 C. C. A. 318, 114 Fed. 544, this court found from the record and evidence that under the specific laws of Mexico, as construed by the Mexican courts, the common-law doctrine as to the nonliability of an employer for the negligence of a fellow servant did not exist in Mexico. In Railroad Co. v. McDuffey, 25 C. C. A. 247, 79 Fed. 934, the Circuit Court of Appeals for the Second Circuit held upon proof that under articles 1053 and 1054 of the Civil Code of Canada, as construed by the Canadian courts, "where an accident causing injury to a servant was the result of the negligence of a fellow servant, the employer would nevertheless be liable in damages to the injured person," etc. These last two mentioned cases, and others to the same purport, cited by counsel for plaintiff in error, turned upon local laws and their proper construction, and are not applicable in the instant case. Under the late decisions of the Supreme Court of the United States the employés of a railroad company specifically engaged in operating a train of the company are fellow servants, and, under the general law, for the damages to one through the negligence of the other the employer, without fault himself, is not liable. See Railroad Company v. Baugh, 149 U. S. 368, 13 Sup. Ct. 914, 37 L. Ed. 772; New England Railroad Co. v. Conroy, 175 U. S. 323, 20 Sup. Ct. 85, 44 L. Ed. 181. As the petition and amended petition in this case show that the damages sued for were caused through the negligence of fellow servants of the deceased, and in no wise show any

negligence attributable to the railway company, the Circuit Court properly sustained the demurrer to the said petitions, and dismissed the suit.

The decision of the Circuit Court is affirmed.