### JONES v. SOUTHERN PAC. CO.

(Circuit Court of Appeals, Fifth Circuit. April 3, 1906.)

No. 1,535.

COURTS—STATE LAWS RULES OF DECISION IN FEDERAL COURTS—MASTER AND SERVANT—FELLOW SERVANTS—LAW OF LOUISIANA.

The common-law fellow-servant doctrine, as construed by the Supreme Court of Louisiana, prevails in that state, and in a federal court in that state the liability of a master for injury of a servant, through the negligence of a fellow servant, and the question who are fellow servants, are questions of general law, not controlled by state decisions.

[Ed. Note.—State laws as rules of decisions in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

E. Howard McCaleb and Arthur B. Leopold, for plaintiff in error.

George Denegre, J. P. Blair, and Victor Leovy, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. In Hale v. Kansas City Southern Railway Company, 120 Fed. 735, 57 C. C. A. 149, this court said that:

"In the Supreme Court of the state of Louisiana, the liability of an employer to an employé for damages resulting from negligence of a co-employé or fellow servant is considered a question of general law and not controlled by any express statute."

We have been cited to no decisions of the Supreme Court of the state of Louisiana that change our views in this respect. The most favorable construction to be given to the latest decisions of that court is

that it holds that the common-law doctrine in regard to the liability of employers for the negligence of fellów 'servants, commonly called the "fellow-servant doctrine," prevails in Louisiana in a modified form. See Parker v. Crowell & Spencer Lumber Co. (La.) 39 South. 445; Fuller v. Tremont Lumber Co., 114 La. 266, 271, 38 South. 164; Weaver v. W. L. Goulden Logging Co. (very recently decided, not yet officially reported) 40 South. 798. And this we understand means that the common-law fellow-servant doctrine prevails in Louisiana, as construed from time to time by the Supreme Court of the state.

In Baltimore & Ohio R. Co. v. Baugh, 149 U. S. 368, 13 Sup. Ct. 914, 37 L. Ed. 772, is was held that:

"Who are fellow servants in a common employment, as affecting the master's liability for injury of one through the negligence of another, is not a question of local law to be settled by the decisions of the highest court of the state in which a cause of action arises, but one of general law to be determined by a reference to all· the authorities and the considerations of the principles underlying the relations of master and servant."

The Baugh Case has been approved and followed in a long line of cases, federal and state. See 12 Rose Notes U. S. Reports, 399.

In our opinion, it follows that the applicability of the fellow-servant doctrine to the facts stated in the appellant's petition is a question of general law. The learned trial judge so considered it, and his reasons for judgment found in the transcript are cogent and satisfactory.

The judgment of the Circuit Court is affirmed.