Ignac Prokop v. Gulf, Colorado & Santa Fe Railway Company.

Decided February 15, 1904.

**1.—Carrier—Duty to Protect Passenger.**

The duty of a carrier to protect passengers from assault and insults of third persons extends only to those cases where the wrong occurs in the presence of its agents or when the circumstances attending or preceding the injury might have been foreseen and prevented.

**2.—Same—Fact Case—Assault.**

The mere fact that plaintiff's wife, a passenger, while seated alone in a dark waiting room, was assaulted, does not show that defendant's agents should have foreseen the assault.

**3.—Pleading—Allegation—Conclusions of Pleader.**

It is generally true that an allegation of a duty owing, negligent failure to perform it, and damage proximately resulting therefrom, is good on general demurrer. But this rule no longer applies when the pleader alleges the specific fact by which the field of his proof will be limited, or when it is plain from the entire petition that the general allegations are but conclusions of the pleader from the specific facts stated.

Appeal from the District Court of Austin. Tried below before Hon. L. W. Moore.

*C. G. Krueger* and *Duncan, Lane & Wolters,* for appellant.

*J. W. Terry* and *A. H. Culwell,* for appellee.

GILL, Associate Justice.—This suit was brought by appellant to recover of appellee damages for personal injuries alleged to have been sustained by his wife by reason of an assault alleged to have been committed upon her by a negro while she, a passenger, was awaiting the arrival of appellee's passenger train at the town of Sealy, Texas. Appellant seeks here a revision of the judgment of the trial court sustaining a general demurrer to the petition.

The petition of plaintiff is of considerable length, but as the facts alleged as a basis for recovery may be embraced within the compass of a much briefer statement we do not deem it necessary to embody the entire pleading in this opinion.

It is averred that plaintiff and wife live at Wallis, Texas, on the line of appellee's road. That his wife being sick concluded to go to Sealy (which is also a station on appellee's line) to consult a physician. On the morning of March 26, 1903, she purchased of appellee's agent at Wallis a round-trip ticket entitling her to passage on appellee's train to Sealy and return. That she went to Sealy, consulted a physician, and thereafter went to appellee's depot at Sealy and entered the waiting room therein to await the arrival of the train for Wallis. That this train was due at Sealy at 6:10 p. m., but on the occasion in question it was two hours late. That being ignorant of this fact she remained in the waiting-room and continued to await its arrival. That her presence there was known to the station agent and other employes of appellee.

That, though the weather was cold and darkness had fallen, the agents of appellee negligently failed to build a fire in the waiting-room or to light the same and with knowledge that she was there and alone they absented themselves from the depot. That the failure to light and warm the room was a plain violation of their statutory duty and therefore negligence. That she was in possession of her return ticket and entitled to the comfort and protection which a compliance with the provisions of the statute would have afforded her. That some time after she had entered said waiting-room and after it became dark and while she was yet alone a negro man entered in the darkness, assaulted her, choked her and struck and bruised her in an effort to commit rape upon her. That by desperate resistance and timely outcry and timely arrival of assistance from the residents of the town of Sealy her assailant was prevented from accomplishing his purpose. That the agents and servants of appellee did not appear and rendered her neither aid nor protection.

Then follow allegations to the effect that it was appellee's legal duty to her as a passenger to protect her from all insults and humiliations of whatever kind or character and from whatever source. That appellee's agents knew of her presence in the waiting-room alone and from the circumstances could have reasonably anticipated the assault.

Inasmuch as the following portion of the petition gives color to the entire pleading we set it out in its exact terms:

"That appellee was guilty of gross negligence and want of ordinary care as follows:

"1. Appellant's wife was in appellee's waiting-room and alone, and it was about 8 p. m. and it was long after dark, and the appellee neglected to have said waiting-room lighted, but allowed same to remain in darkness. That appellant's wife was left all alone in said waiting-room, and by virtue of the place being dark it enabled and invited the black brute to make an assault upon her, as said darkness would all the better conceal his identity. That if said waiting-room had been properly lighted, he would never have entered it for the purpose for which he did enter. Appellant says that this was the protection that appellee owed his wife. That the appellee should have kept said waiting-room lighted during all the time that his wife was there waiting in the same for the arrival of its train. That being all alone that its failure to keep said waiting-room properly lighted was one of the proximate causes and invitations of the assault made upon his wife. That appellee owed all its passengers, and appellant's wife in particular, the duty to have its waiting-room lighted, and by failing to do so, deprived her of the proper protection which the appellee owed her, and thereby invited said assault upon her."

While the plaintiff's petition contains allegations to the effect that appellee owed his wife the duty of guarding her from assault and that the assault under the circumstances could and ought to have been foreseen, there are many allegations other than that above quoted which

make it clear that plaintiff rested the averment that the assault could have been foreseen solely upon the fact that the room was dark and his wife alone, and that the assault would not otherwise have been committed. The negro is not alleged to have been an employe of appellee, nor are the agents and servants charged in any other way than as above stated with reason to apprehend the assault.

As against the general demurrer the petition should receive liberal construction, and if by fair intendment a cause of action can be inferred from its allegations the demurrer should not prevail.

Appellant contends that the averment that his wife, while entitled to the rights of a passenger, was by the agents of appellee knowingly left alone in an unlighted waiting-room and that the darkness and her isolation invited the assault makes the petition good against a general demurrer. And that if this is not true yet the petition is nevertheless good because of the general allegation that they ought and could from the circumstances have foreseen the assault and averted it.

It is strenuously contended by counsel for appellant that the mere fact that a female passenger was left in a waiting-room alone and in the dark was of itself failure to use that high degree of care required of carriers to protect their passengers against injury from third persons.

While the general duty to stand guard against all harm is averred the proposition is not seriously contended for here.

It is practically conceded by appellant, and is certainly the law, that the duty of the carrier to protect passengers from the assaults and insults of third persons arises only when the threatened wrong occurs in the presence or within the knowledge of its agents or when from the facts and circumstances attending or preceding the injury the carrier might have foreseen and prevented it. This is too well settled in this State to admit of further controversy. Thweatt v. Houston E. & W. T. Ry. Co., 71 S. W. Rep., 976; Houston & T. C. Ry. Co. v. Phillio, 5 Texas Ct. Rep., 666; Gulf C. & S. F. Ry. Co. v. Shields, 9 Texas Civ. App., 652, 28 S. W. Rep., 709; Galveston H. & S. A. Ry. Co. v. Long, 13 Texas Civ. App., 664, 36 S. W. Rep., 485; Jones v. Missouri K. & T. Ry. Co., 7 Texas Ct. Rep., 535. The general possibility of injury from such sources has never, so far as we are advised, been held to call this duty into action.

Since plaintiff must bring his case within the rule announced, the question is: Do the naked facts alleged, when stripped of all conclusions of the pleader, show that appellee's agents ought to have foreseen the assault?

These facts may be stated in a sentence. The plaintiff's wife, a passenger, while sitting alone and in the dark in appellee's waiting room was assaulted by a negro. What is there in the situation which might put the appellee upon notice that such a consequence might follow the failure to light the room? Nothing, save the general truth that those

who commit such monstrous crimes seek darkness and isolation because the crime otherwise is impossible.

It is the misfortune of this region that it must ever rest under the general fear that such horrors will occasionally occur. But in proportion to other crimes it is exceedingly rare. Murder, arson, theft, robbery, assault and battery are infinitely more common. As to the protection of woman, it is the pride of this country that where one may be found to do her harm, ten thousand stand ready to protect her and aid her with gentle courtesy.

The true inquiry is, could the agents of appellee have reasonably foreseen that such a consequence would follow as the natural and probable result of their admitted negligence in failing to light and warm the room? And we are of opinion that in view of the facts the question furnishes its own answer.

Measured by the accepted rule governing the question there is no causal connection between the failure to light the waiting room and the offense complained of. There is not a suggestion of the existence of any unusual condition preceding the crime. It is not intimated but that the little community was at peace, and it affirmatively appears that its citizens were near and promptly rendered the necessary aid.

What of the other contention?

Appellant averred generally that appellee's agents ought to have foreseen the danger and averted it; that the failure to light the room was the proximate cause of the injury and that the assault was due to the negligence of the appellee.

It is true generally that an allegation of a duty owing, negligent failure to perform it and damage proximately resulting therefrom is good on general demurrer. But this rule no longer applies when the pleader alleges the specific facts by which the field of his proof will be limited, or when it is plain from the entire petition that the general allegations are but conclusions of the pleader from the specific facts stated. The case of Blaisdell v. The Bank, 7 Texas Ct. Rep., 749, is apposite on this point.

Here it is averred in effect that by reason of the facts alleged the company was put upon notice of the lady's danger, whereby her damage became the proximate result of its negligent failure to light the room and thus to guard her against it.

We are not unmindful that the allegations of negligence and proximate result are generally substantive allegations which must be proven as any other. We are also aware that a petition may disclose all the facts and follow with allegations of negligence and proximate result, and yet the nature of the case may be such that the existence of negligence and the relation of the alleged cause to the effects complained of may nevertheless be for the jury. But in this case we hold as matter of law that upon the facts stated the darkness and isolation of plain-

tiff's wife were not alone sufficient to put defendant on notice of any danger to her from third persons. We hold as matter of law that the facts stated disclose that her injuries were not in any legal sense the proximate result of the failure of appellee to light and warm the room, and further that the general demurrer can not be taken as admitting the truth of the conclusions of the pleader. Holman v. Criswell, 13 Texas, 44.

We are of opinion the judgment should be affirmed and it is so ordered.

*Affirmed.*

Writ of error refused.