MISSOURI, K. & T. RY. CO. OF TEXAS v. SMITH.

(Court of Civil Appeals of Texas. Nov. 2, 1910. On Rehearing, Jan. 18, 1911.)

On Rehearing.

CARRIERS (§ 305*) — PROTECTION OF PASSENGERS AT DEPOT—PROXIMATE CAUSE OF INJURIES.

Plaintiff went to defendant's station to take a train which was about two hours late, and while waiting in the waiting room of the station was injured in a scuffle among several boys who had entered the depot. There was no agent of the defendant in the depot at the time. *Held*, that the negligence of the defendant in not having a station agent present was not the proximate cause of plaintiff's injury, as defendant could not anticipate such result.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 305.*]

Appeal from McLennan County Court; Tom L. McCullough, Judge.

Action by Maria Smith against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Reversed on rehearing, and judgment rendered.

Coke, Miller & Coke and Clark, Yantis & Clark, for appellant. Edgar E. Witt, for appellee.

KEY, C. J. In this suit the plaintiff recovered a judgment against the defendant for $500, mainly on account of personal injuries. The plaintiff went to Elm Mott, a small station on the defendant's road, for the purpose of taking passage to Waco. The train was about two hours late, and, while the plaintiff was in the waiting room at the station, several boys entered the room and engaged in a scuffle, during the progress of which one of the boys fell or was thrown against the plaintiff, and in some way one of his legs caught around her leg, and caused what the testimony tended to show serious injury to her ankle. The testimony shows that there was no ticket agent or other employé of the defendant at the station during the time in question, and it is not denied that defendant was guilty of negligence in that respect. It also tends to show that on previous occasions the defendant's agent in charge of the station had driven boys out of the waiting room, and not permitted them to scuffle or loiter therein. It further tends to show that the waiting room in question was small.

The plaintiff testified, in part, as follows: "My name is Maria Smith, and I am the plaintiff in this case. I am suing the railroad company. The accident happened to me in the depot in Elm Mott, Tex. I was there in the waiting room to take the train to Waco that night. I did take the train to Waco. The boys were pulling and scuffling there in the waiting room that night. They came from between—from up toward Mr. Christian's store. They were shooting Roman candles out there and having their fun. One of the boys finally came to the depot and two or three of the other boys came to the door, and tried to get him to come on the outside. He would not go, and finally they caught hold of him and began to pull him. I moved then from the first seat to the second seat because I was afraid of them boys. The boys pulled at him and he jerked back, and his leg caught around my leg, and they hurt my foot. I said to them, 'You have broke my leg. You have hurt me.' When I told them this, they run off and out of the waiting room. These boys had been around the depot for a good while before I got hurt. They had been most of the time on the outside." Another witness testified as follows: "My name is Doc Sexton, and I was at the Elm Mott railway station on the night Maria was hurt. The reason that I was there was that Maria asked me to come down to the depot and stay with her until the train came. Yes, sir; I saw the accident. We had not been in the depot but a little bit, just a minute or so, and one of these boys was at the door. The others were on the outside. He would shut the door. Then maybe he would open it and run out, and then run back in and close the door. It seemed as if they were trying to get him to come on the outside. Finally two of them came and got hold of him. They began scuffling with him, and then two more came and they got him and were scuffling with him to try to get him on the outside. While they were scuffling there, this boy fell up against her, and crippled her up. They also broke all to pieces

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

the basket that she had her things in. I did not see an agent there. There was no agent there."

The main point urged in appellant's brief is the proposition that its negligence in not having a ticket agent or some other person in charge of the station was not the proximate cause of appellee's injury. In other words, the contention is that appellant could not anticipate that as a result of its failure to have some one in charge of its station and waiting room on the night in question a crowd of boys would engage in a scuffle therein, and thereby inflict personal injuries upon some one waiting there to take passage on appellant's train; and, among other cases cited, counsel for appellant lay stress upon Prokop v. G., C. & S. F. Ry. Co., 34 Tex. Civ. App. 520, 79 S. W. 101, decided by the Court of Civil Appeals at Galveston. Without expressing any opinion as to the correctness of that decision, we hold that the two cases are not entirely analogous. In the case at bar it was shown that the waiting room was small; that before the injury was inflicted the boys were engaged in such conduct as might have put a reasonably prudent person in charge of the premises upon notice that, if such conduct was continued, injury might result to the plaintiff. We think this case is more analogous to St. Louis, etc., Ry. Co. v. Hatch, 116 Tenn. 580, 94 S. W. 671, in which the Supreme Court of Tennessee held that the railroad company was liable to a lady passenger who was insulted by intruders upon the train.

The other questions presented in appellant's brief have received consideration, and our conclusion is that no reversible error is shown.

Judgment affirmed.

### On Rehearing.

Upon reconsideration of this case upon appellant's motion for rehearing, we have reached the conclusion that our former decision affirming the judgment is in conflict with Prokop v. G., C. & S. F. Ry. Co., 34 Tex. Civ. App. 520, 79 S. W. 101, decided by the Galveston Court of Civil Appeals; and Segal v. St. L. & S. W. Ry. Co., 35 Tex. Civ. App. 517, 80 S. W. 233, decided by the Dallas Court of Civil Appeals.

In the Prokop Case the plaintiff, a white woman, went at nighttime to a small station which she found unlighted and the railroad's agent absent, and the train late, and while waiting there she was assaulted by a negro. The Court of Civil Appeals held that the absence of the agent and the failure to light the station, though negligence, was not the proximate cause of the plaintiff's injury, for the reason that the railroad company was not required to contemplate that its negligence in that respect would result in any such injury as was sustained by the plaintiff.

The Supreme Court refused to grant a writ of error, and we therefore suppose indorsed the ruling referred to.

In the Segal Case the plaintiff's wife, a white woman, was a passenger on the defendant's train, occupying a first-class reclining chair, reserved exclusively for white passengers. She was accompanied by her little daughter, about four years old. At Sulphur Springs the last of the other passengers on the car left the train, and she and her little daughter were left the only remaining passengers in that car. An employé on the train arranged a reclining chair for her to sleep, and, while asleep, and while the train was standing still during a stop at another station, and before daylight, she was assaulted by a negro man. He choked her so that she could not make an outcry, but she struggled and resisted until the train started, when the negro desisted and fled. Although they knew that she was alone in the car, the defendant's employés left the car before reaching or at the station, and left the doors of the car unlocked and open. The negro entered the car through one of the doors and escaped through the other. In that case it was held by the Court of Civil Appeals that the defendant could not be expected to foresee that a third person would enter the car and assault the plaintiff's wife; and therefore that, if it was guilty of any negligence in leaving the car open and unprotected, that negligence was not the proximate cause of the injury sustained. In that case a writ of error was also refused, and presumably the ruling referred to was approved by the Supreme Court.

While we may not indorse the conclusions reached in the two cases referred to, we recognize the fact that their approval by the Supreme Court raises them to the dignity of final authority in this state, and for that reason we accept them as such. According to the law as established by the cases referred to, the plaintiff in this case is not entitled to recover, and therefore the motion for rehearing is granted, the judgment of the trial court reversed, and judgment here rendered for appellant.

Motion granted, case reversed and rendered.