## KANSAS CITY SOUTHERN RY. CO. v. PINSON.*

Circuit Court of Appeals, Fifth Circuit.
January 3, 1928.

No. 5015.

1. **Carriers** ⊕⇒286(1)—**Railroad held not liable on ground of negligence for injury to passenger by being bitten by dog in its waiting room.**

Defendant railroad company *held* not liable on the ground of negligence for injury to a passenger by being bitten by a dog while in its waiting room at a small station at night, where the dog, though accustomed to be around the vicinity, was not vicious, was not known to have previously been in the waiting room, and was not known to be there at the time by any of defendant's employees.

2. **Carriers** ⊕⇒286(1)—**Railroad is bound to use ordinary care only to keep its stations reasonably safe for passengers.**

Under the law of Louisiana, of which a federal court takes judicial notice, a railroad company is bound only to ordinary care to keep its depots in a reasonably safe condition for use of passengers and intending passengers, and to guard only against occurrences reasonably to be anticipated.

In Error to the District Court of the United States for the Eastern District of Texas; W. Lee Estes, Judge.

Action at law by Della May Pinson, a minor, by J. P. Pinson, next friend, against the Kansas City Southern Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

J. Q. Mahaffey, of Texarkana, Tex. (John J. King and J. I. Wheeler, both of Texarkana, Tex., and Lloyd E. Price, of Fort Worth, Tex., on the brief), for plaintiff in error.

Wright Patman, of Texarkana, Tex. (J. A. R. Moseley, Jr., of Texarkana, Tex., and G. T. Bartlett and C. R. Newland, both of Linden, Tex., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was an action by the defendant in error, a minor, suing by her next friend, to recover damages for personal injuries resulting from a hound dog, named Rock, biting her while she was in the waiting room of the defendant in error's depot at Leesville, Louisiana, at about 3 o'clock in the morning of December 9, 1923, soon after two passenger trains left that station. The parties are herein referred to by their designations in the trial court.

*Rehearing denied February 20, 1928.

[1] The plaintiff, accompanied by her mother, came from Shreveport as a passenger on a train of the defendant. Upon their arrival at Leesville, the two went into the waiting room to see the ticket agent about their baggage and to ask him for information as to getting a taxi or service car to carry them to the residence of a kinsman. While plaintiff was at or near the ticket window, waiting for the ticket agent to come there, the dog bit her on the leg; the bite causing her to jump or turn with great force against the ledge of the ticket window, with the result that she sustained the injuries complained of. The plaintiff's petition charged that defendant's employees were negligent in harboring the dog at its depot and permitting it to remain around its station several months prior to the time it bit plaintiff, in failing to discover the presence of the dog in the waiting room and to cause it to leave that room before the arrival of plaintiff, and in failing to protect plaintiff from the dog. The allegations of negligence were put in issue. There was evidence to the following effect:

Rock was owned by C. L. Adams, a resident of Leesville. He was accustomed to roam about the residence and business parts of the town, including a restaurant and several stores across the street from the depot. During several months prior to his biting plaintiff, he was frequently seen "around the depot." He was seen frequently on the defendant's premises with F. S. Ball, a special agent of the defendant, who was charged with the duty of protecting its property from trespass and theft. He was not a vicious or unfriendly dog when kindly treated, but would bite when stepped on or hurt, intentionally or accidentally. There was no evidence tending to prove that the dog was in the habit of being in the waiting room of defendant's depot in Leesville, that he was enticed or knowingly permitted by any employee of the defendant to enter or remain in its depot, that he was ever seen in the waiting room prior to the night plaintiff was bitten, that the ticket agent or any employee of the defendant knew that the dog was in the waiting room before it bit the plaintiff, or how long the dog was in the waiting room before plaintiff was bitten. At the conclusion of the evidence the court refused a requested instruction to the jury to return a verdict for the defendant.

[2] The duty of a railroad carrier with respect to arriving or departing passengers while using a depot waiting room is not the same as that owed by the operator of a sleeping car to its sleeping passengers. Under

the law of Louisiana, of which we take judicial notice, and which was not required to be proved, as suggested by counsel for the plaintiff, the defendant was bound to use ordinary care, or care in proportion to the danger likely to be encountered, to keep its depots in a reasonably safe condition for the use of passengers and intending passengers. Mills v. Illinois Cent. R. Co., 148 La. 217, 86 So. 750; Pere Marquette R. Co. v. Strange, 171 Ind. 160, 84 N. E. 819, 85 N. E. 1026, 20 L. R. A. (N. S.) 1041. But, even if the highest degree of care was demanded of defendant, it was bound to guard only against occurrences reasonably to be anticipated by the utmost foresight, and was not chargeable with negligence for failing to guard against an incident which was barely possible, but not reasonably probable. Atchison, etc., R. Co. v. Calhoun, 213 U. S. 1, 29 S. Ct. 321, 53 L. Ed. 671. The defendant was not liable for the injury to plaintiff, unless that injury in the way it occurred might reasonably have been anticipated by the defendant, acting through its employee or employees. The mere possibility that a dog might get into defendant's waiting room and bite an incoming or outgoing passenger using that room would not call into action a duty of the defendant to protect the passenger against that danger. Prokop v. Gulf, etc., Ry. Co., 34 Tex. Civ. App. 520, 79 S. W. 101; Texas & Pacific Ry. Co. v. Storey, 37 Tex. Civ. App. 156, 83 S. W. 852.

We are of opinion that no phase of the evidence tended to prove that defendant was negligent in failing to anticipate that the dog Rock would be in the waiting room when a passenger had occasion to use it, or in failing to protect plaintiff from the danger of being bitten by the dog. The fact that a dog, not known to be vicious or disposed to bite or attack any one without provocation, had frequently been seen in the neighborhood of such a public place as a railroad depot in a small town, has no tendency to prove the probability of his getting into the depot waiting room, in which he had never been seen before, and there biting a passenger. At most the evidence showed only a bare possibility of such an occurrence, and wholly failed to show negligence chargeable against the defendant in failing to anticipate that the dog would be in the waiting room and endanger a passenger therein, or to discover the dog's presence there, or to guard against danger therefrom before the biting occurred. There being no evidence as to when or how the dog got into the waiting room, there was no basis for a finding that the defendant was chargeable with negligence in permitting it to be there, or in failing to discover its presence there before the plaintiff was bitten. Hotenbrink v. Boston Elevated Railway, 211 Mass. 77, 97 N. E. 624, 39 L. R. A. (N. S.) 419.

We conclude that the allegations of negligence were unsupported by evidence, and that the court erred in its above-mentioned ruling. Because of that error, the judgment is reversed, and the cause is remanded for a new trial.

Reversed.